541 P.2d 424

**The CITY OF PHOENIX, the City Court of the City of Phoenix and the Chief Magistrate of the City Court of the City of Phoenix, and the State of Arizona, Appellants,**

**v.**

**Ronald Lee JONES, Appellee.**

**No. 1 CA–CIV. 2909.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 21, 1975.

Joe R. Purcell, City Atty., by Gregory A. McCarthy, Asst. City Atty., Phoenix, for appellants.

Charles S. Pizzo, Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

Must a defendant charged with a violation of A.R.S. § 13–911, "carrying a concealed weapon" be afforded a jury trial when tried for that offense in city court? This is the sole question presented by this appeal.

On March 14, 1974 the appellee, Ronald Lee Jones, was arrested and charged with violation of A.R.S. § 13–911 (Supp.1973), "carrying a concealed weapon, to wit: a handgun." On March 26, 1974 Jones appeared in Phoenix City Court with counsel and entered a plea of not guilty. On April 12, 1974, Jones, through counsel, requested a trial of this charge by a jury. A Phoenix city magistrate denied this request.

On May 10, 1974, Jones filed a petition for special action in the Maricopa County Superior Court requesting the Superior Court to order the Phoenix City Court to grant him a jury trial on the charge. On June 21, 1974, the trial court granted Jones the relief requested. The City of Phoenix has appealed that judgment.

A.R.S. § 13–911 (Supp.1973), insofar as pertinent here, provides:

> "C. A person . . . who has concealed on or about his person a weapon is guilty of a misdemeanor punishable by a fine of not less than one hundred nor more than three hundred dollars or by imprisonment in the county jail for not more than six months, or both."

The right to a trial by jury in a "petty" criminal case has had an interesting history in the state of Arizona. Article 2, § 23 of the Arizona Constitution provides:

> "The right of trial by jury shall remain inviolate . . . ."

In addition, Article 2 § 24 provides in part:

"In criminal prosecutions, the accused shall have the right . . . to have a speedy public trial by an impartial jury . . . ."

Also, the 6th Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."

All of these constitutional provisions have been interpreted similarly, that is, a right to trial by jury is not given by the constitution, rather the right to trial by jury is merely preserved. Thus, only those crimes for which a trial by jury was afforded at common law are likewise triable by jury under the Constitutional provisions. *See, Callan v. Wilson,* 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); *State v. Cousins,* 97 Ariz. 105, 397 P.2d 217 (1964). From this judicial interpretation grew the dichotomy of "serious" offenses (crimes triable by jury at common law) and "petty" offenses (crimes triable by magistrate at common law). *See Duncan v. State of Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

For Federal Constitutional purposes, the United States Supreme Court has now apparently drawn the line between "petty" and "serious" offenses, solely on a punishment criterion.

"[O]ur decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes." *Codispoti v. Pennsylvania,* 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L. Ed.2d 912 (1974)

In Arizona in addition to punishment considerations, it is apparent that "the moral quality of the act" is to be considered in determining whether the crime charged falls within the definition of "petty" offenses triable without a jury. *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966). We have some difficulty in the area of assessing the "moral quality" of the act, feeling that moral judgments are best left in the hands of the legislature to mark the degree of decadency of the act by the penalty it imposes for its transgression. As was stated in *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970): ·

"In deciding whether an offense is 'petty,' we have sought objective criteria reflecting the seriousness with which society regards the offense [citations omitted] and we have found the most relevant such criteria in the severity of the maximum authorized penalty." 399 U.S. at 68, 69, 90 S.Ct. at 1888.

The difficulty of assessing the moral quality of a particular crime is exemplified in this case where the charge is carrying a concealed weapon. We would assume that the moral seriousness with which a metropolitan community, where "mugging" and robbery are a serious problem, would view that act would be greater than in a small, western rural community where the memory of gun-toting, concealed or otherwise, still lingers. In short, in the absence of a legislatively determined standard, we are of the opinion that reasonable men could differ as to the "moral quality" involved in committing this offense.[1] Looking then strictly to the criterion of penalty, we would have to hold that the crime of carrying a concealed weapon which carries a maximum penalty of imprisonment for six months and for a fine of $300 falls into the category of "petty" offenses which can constitutionally be tried

---

1. Compare, *Roberson v. State,* 43 Fla. 156, 29 So. 535 (1901) holding this crime to be "petty" and *Shorter v. State,* 63 Ala. 129 (1879) holding the crime to be "serious".

without a jury.[2] *Baldwin v. New York, supra.*

This does not, however, end our inquiry, for while a right may not be constitutionally mandated, such a right may exist by reason of a statute.

The right to trial by jury in non-record courts is set forth in A.R.S. § 22–320 dealing with justice of the peace courts and A.R.S. § 22–425, dealing with violations of city ordinances in municipal courts.

A.R.S. § 22–320 (1956) provides:

"A. A trial by jury *shall* be had if demanded by either the state or defendant. Unless the demand is made before commencement of the trial, a trial by jury shall be deemed waived.

"B. Upon demand being made for a jury trial, the justice of the peace or *presiding officer of the police court* shall issue an order directed to the sheriff of the county, or to any constable, marshal or policeman therein, commanding such officer to summon the number of qualified persons specified in the order to appear at the time and place therein to serve as jurors in the action. If the required number of jurors do not appear, an additional order or orders may be issued." (emphasis added)

A.R.S. § 22–425 (1956) provides:

"A. In the trial of offenses for violation of ordinances of cities or towns of such a nature as by the common law were not triable before a jury, no jury trial shall be granted."

■ Before discussing the case law dealing with these statutory provisions, some general observations as to the statutes themselves are in order. First, under A.R.S. § 22–320 the use of the language "a trial by jury *shall* be had if demanded" would appear to make any case triable in justice court, civil or criminal, triable before a jury, if demanded. Second, by subsection B of that statute providing "upon demand being made for a jury trial, the justice of the peace or *presiding officer of the police court*" shall summon a jury, would seem to indicate a legislative intent to make a jury available in police (municipal) court to the same degree as it is available in justice court when the police court is exercising its concurrent jurisdiction. Third, A.R.S. § 22–425 dealing with juries in municipal courts would appear by its terms to be limited in application to only "the trial of offenses for violation of ordinances of cities or towns." Fourth, A.R.S. § 22–425, being cast in negative terms, that is, no jury trial is available for violation of city ordinances unless available at common law, leaves the inference that other criminal cases would be triable in that forum by juries as a matter of right.

Looking then strictly to the statutory language employed, a persuasive argument can be mounted that the legislature intended a jury to be available, as a matter of right, in all trials in non-record courts both justice and police, except where the trial involved a violation of city or county ordinances, and a jury would also be available in those cases when a jury was available at common law.

We now turn to the two Arizona Supreme Court decisions dealing with the right of jury trial for a violation of a state statute in municipal court: *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966) and *O'Neill v. Mangum,* 103 Ariz. 484, 445 P.2d 843 (1968).

In *Rothweiler,* Justice Udall, speaking for the court, held that a violation of a statutory prohibition against driving while under the influence of intoxicating liquor, an offense punishable by a maximum fine of $300 and six months in jail, plus the

---

2. Both *Rothweiler* and *O'Neill v. Mangum,* 103 Ariz. 484, 445 P.2d 843 (1968), discussed infra, were decided prior to *Baldwin* and *Codispoti.* However, we feel the "moral quality of the act" may still be a viable consideration for Arizona constitutional jury protection purposes regardless of the punishment demanded.

loss of driving privileges for up to 90 days, constituted a "serious" offense and thus constitutionally a right to trial by jury was mandated. The court went on to examine A.R.S. §§ 22–320 and 22–425 and held, pursuant to our statutory analysis set forth above, that:

> "There is, of course, an implication that the legislature intended to establish the same procedure as to jury trial in both nonrecord courts [justice court and police court].
>
> \*　\*　\*　\*　\*　\*
>
> "Fundamental rights should not depend upon an arbitrary choice as to the court in which they are instituted. There must be uniformity of treatment in criminal prosecutions, not depending on the place of prosecution, and this includes the right of trial by jury. The right to a jury trial should be jealously guarded and preserved by the courts, whether granted by the constitution *or statutes*." 100 Ariz. at 46–47, 410 P.2d at 486. (emphasis added)

The rationale of *Rothweiler* was adopted and followed by the Court of Appeals in *Tsipai. v. State,* 8 Ariz.App. 3, 442 P.2d 167 (1968), in a case involving a violation of the state statute against furnishing liquor to minors tried in Tucson Municipal Court. The maximum penalty for this crime was a $300 fine and six months in county jail. The Supreme Court denied review of this decision.

It would thus appear that the law was that, regardless of constitutional considerations, a trial by jury should be granted upon demand in all prosecutions of state criminal offenses in non-record courts, justice or municipal. This was the state of

the law until the Arizona Supreme Court's decision in *O'Neill v. Mangum, supra.*

In *O'Neill* the defendants were charged in Phoenix City Court with a violation of A.R.S. § 13–379, drunk and disorderly, an offense punishable by a maximum fine of $300 and imprisonment of up to six months. Justice Udall again wrote the decision for the court. Noting first that the United States Supreme Court cases did not require a jury trial for petty offenses where the term of imprisonment did not exceed six months, Justice Udall analyzed the offense in terms of the degree of moral turpitude involved, concluding that the offense of drunk and disorderly was not a "serious" crime and that therefore no right to a jury trial existed. The court went on to state:

> "The defendants have argued that had these charges been brought before a justice court rather than before the city court they would have been entitled to a jury; and thus to allow the matter to proceed before city court without a jury is a denial of equal protection under the law. We considered and agreed with a similar question in *Rothweiler,* supra
>
> ·　.　·.
>
> \*　\*　\*　\*　\*　\*
>
> "In the case at bar, however, we have held that the offense charged is in that category of petty offenses not requiring a jury trial. *Such is the case regardless of the forum.*" 103 Ariz. at 486, 445 P.2d at 845. (emphasis added)

■ The clear effect of the court's decision in *O'Neill* is to make nugatory the express statutory guarantee of A.R.S. § 22–320 to a right to trial by jury in all criminal cases in justice court.[3] This the court

---

3. As was stated in *State ex rel. DeConcini v. City Court,* 9 Ariz.App. 522, 523, 454 P.2d 192, 193 (1969) in discussing the effect of the *O'Neill* decision:
"Though the statutory language granting the right of a jury trial to either the State or the defendant is explicit [citing A.R.S. § 22–320] and though historically jury trials have been allowed in the justice court for any

violation of criminal statute, nevertheless, our Supreme Court in the *O'Neill* decision appears to have limited this statutory guarantee of a jury trial to whatever the constitutional guarantee of a jury trial may be. As we understand this decision, its denial of a right to a jury trial pertains to both the justice and police courts　.　.　.." (footnotes omitted)

did without discussing why this statute should be so treated, construed or interpreted. Moreover, it appears that *O'Neill* left intact the right of a civil plaintiff or defendant in justice court to demand and receive a jury trial where the monetary value of the claim might be trivial, but denied this right to a criminal defendant where he could be deprived of his liberty up to six months and his property up to $300. An anomaly to say the least. Because of the lack of decisional analysis of the statutory rights involved and because *O'Neill* appears on its face to leave in full force and effect the court's decision in *Rothweiler,* we agree with the analysis of Judge Hathaway in his dissent in *State ex rel. DeConcini v. City Court, supra* footnote 3:

> "In *O'Neill v. Mangum,* 103 Ariz. 484, 445 P.2d 843 (1968), the decision was based on the constitutional right to jury trial and did not discuss the statutory right." 9 Ariz.App. at 525, 454 P.2d at 195.

4. We are aware of the "practical" effects of allowing jury trials in municipal courts of all state criminal prosecutions, including traffic offenses and the burdens that may be

We therefore hold, *O'Neill* notwithstanding, that based upon the statutory interpretation previously set forth, a statutory right to trial by jury exists in municipal court for violations of state statutes. We further hold that this statutory right exists regardless of the constitutional classification of "seriousness" of the offense charged.[4]

By reason of the foregoing, the judgment of the trial court is affirmed.

HAIRE, C. J., Division 1, concurs.

EUBANK, Judge (dissenting):

I disagree with the conclusion of the majority that *Rothweiler* and *O'Neill* cannot be reconciled. *Rothweiler* involves and is an example of a "serious" offense, while *O'Neill* involves and is an example of a "petty" offense. The later *O'Neill* case merely brought Arizona into line with the United States Supreme Court's position on the right to jury trial. Since *O'Neill* is the latest expression of our Court, it should be followed by this Court. I would reverse.

placed on court administrations by jury requests. However, such considerations should be addressed by the legislature, whose statutes require this result, not by the courts.