542 P.2d 1145

The CITY OF PHOENIX, the City Court of the City of Phoenix and the Chief Magistrate of the City Court of the City of Phoenix, and the State of Arizona, Appellants,

v.

Ronald Lee JONES, Appellee.

No. I CA–CIV 2909.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 4, 1975.

**266**

Joe R. Purcell, City Atty. by Gregory A. McCarthy, Asst. City Atty., Phoenix, for appellants.

Charles S. Pizzo, Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

On October 21, 1975, this court rendered its decision in *City of Phoenix v. Jones,* 25 Ariz.App. ——, 541 P.2d 424 (filed October 21, 1975), holding that a criminal defendant was entitled to a jury trial in City Court for violation of a state criminal statute regardless of the common law classification of that crime as "serious" or "petty".

When in the course of human events it becomes necessary for this court to admit that it committed error, it is proper that such admission be made with the same formality as that which gave rise to the error. Thus, this granting of the appellant's motion for rehearing is done in published form.

■ In our prior decision, this court attempted to reconcile what, in our opinion were two conflicting decisions of the Arizona Supreme Court in *O'Neill v. Mangum,* 103 Ariz. 484, 445 P.2d 843 (1968) and *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966). In doing so, we overlooked the fact that the Supreme Court in *Goldman v. Kautz,* 111 Ariz. 431, 531 P.2d 1138 (1975) had already made this reconciliation and reached a decision diametrically opposed to that reached in our prior opinion. While we might take some solace from the fact that Justice Cameron in his dissent in *Goldman* adopts the position we espoused in our prior opinion, the majority of the Supreme Court clearly held that A.R.S. § 22–320 does not, contrary to our holding, grant a criminal defendant the right to a jury trial in city court where the punishment does not exceed 6 months in jail.

Appellee urges that our prior opinion may be supported on the proposition that the crime of carrying a concealed weapon (the crime with which defendant was charged) is one involving "moral turpitude" and thus a jury trial is still available even under *Goldman.* In our prior opinion, we specifically rejected the proposition that the judiciary is in a position to categorize the "seriousness" of a crime, this being a function of the legislature by setting the punishment to be exacted. We see no reason to deviate from this prior expression.

■ We therefore hold, under the authority of *Goldman v. Kautz, supra,* that the defendant is not entitled to a jury trial in city court for violation of the state statutes making carrying a concealed weapon a criminal offense.

By reason of the foregoing, our prior opinion in this matter is vacated, appellant's motion for rehearing is granted, the judgment of the trial court is reversed and the matter remanded with directions to dismiss appellee's special action petition.

HAIRE, C. J., Division 1, and EUBANK, J., concur.