760 P.2d 599

STATE of Arizona,
Petitioner/Appellant,

v.

The CITY COURT OF the CITY OF TUC-SON, the Honorable Carmen Dolny, a Magistrate thereof; the Superior Court of the State of Arizona, County of Pima, the Honorable John Hawkins, a judge thereof, Respondents,

and

Timothy HARING, Real Party in Interest/Appellee.

STATE of Arizona,
Petitioner/Appellant,

v.

The CITY COURT of the CITY OF TUC-SON, the Honorable Margarita Bernal, a Magistrate thereof; the Superior Court of the State of Arizona, County of Pima, the Honorable Thomas Meehan, a judge thereof, Respondents,

and

Marvin LITTLES, Real Party in Interest/Appellee.

Nos. 2 CA–CV 87–0351, 2 CA–CV 87–0353.

Court of Appeals of Arizona, Division 2, Department B.

April 19, 1988.

Review Granted Sept. 27, 1988.

---

**600**

Frederick S. Dean, City Atty. by L. Michael Anderson and M.J. Raciti, Tucson, for petitioner/appellant.

Dunscomb and Shepherd, P.C. by Denice R. Shepherd, Tucson, for real parties in interest/appellees.

## OPINION

ROLL, Judge.

In these unrelated cases, the state appeals the decisions of two Tucson city magistrates granting jury trials for two defendants charged with misdemeanor possession of marijuana. For the reasons set forth below, we conclude that the possibility of six months' incarceration and/or a $1000 fine as punishment for the class 1 misdemeanor of unlawful possession of marijuana does not require a trial by jury.

### FACTS

1. *Marvin Littles (Cause No. 245298, 2 CA–CV 87–0353)*

On August 29, 1987, Marvin Littles was arrested for drinking in public in Tucson, Arizona. A police officer found a baggie of marijuana and some rolling papers in Littles' pocket. Littles was cited for unlawful possession of marijuana pursuant to A.R.S. § 13–3405 and for drinking in public, a violation of A.R.S. § 4–244, both mis-

demeanor charges. On September 8, 1987, over the state's objection, a city magistrate set the matter for a jury trial to commence December 3, 1987.

2. *Timothy Haring (Cause No. 245299, 2 CA–CV 87–0351)*

On August 19, 1987, Haring was arrested by Tucson police officers after the police learned that Haring was named in outstanding misdemeanor warrants for: (1) driving under the influence of intoxicating liquor (DUI); (2) driving while having a blood alcohol content of more than .10%; and (3) failure to appear regarding the preceding charges. The arrest resulted in the discovery of marijuana, and Haring was charged with unlawful possession of marijuana, a class 1 misdemeanor. On August 20, 1987, the city magistrate set the matter for jury trial.

The state filed petitions for special action in both matters and relief was denied. These consolidated appeals followed.

### ISSUES ON APPEAL

The sole issue on appeal is whether Littles and Haring are entitled to jury trials for their respective misdemeanor charges of possession of marijuana.

### DISCUSSION

Unlawful possession of marijuana may be either a class 6 felony or a class 1 misdemeanor. The parties to this appeal agree that the charges against Littles and Haring are class 1 misdemeanors.[1] A class 1 misdemeanor is punishable by up to 6 months' incarceration and/or a $1000 fine. A.R.S. § 13–802(A).

In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the Supreme Court held that the Sixth Amendment, as applied to the states through the Fourteenth Amendment, requires that persons accused of serious crimes be afforded the right to trial by jury and reaffirmed the wellestablished rule that petty offenses

---

1. While the prosecutor may choose to pursue class 6 felony charges against an individual arrested for possession of marijuana, in the consolidated cases before us, the city prosecutor was pursuing misdemeanor penalties only.

may be tried without a jury. In determining whether an offense is a petty offense, both the maximum possible period of imprisonment and the maximum possible fine must be considered.

The Supreme Court has announced that "no offense can be deemed 'petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437, 440 (1970) (footnote omitted). However, the Supreme Court has declined to state precisely when a potential fine renders an offense "serious" such that the matter must be tried to a jury. *Muniz v. Hoffman*, 422 U.S. 454, 477, 95 S.Ct. 2178, 2191, 45 L.Ed.2d 319, 335 (1975).

Until 1984, federal law provided that the maximum punishment for a petty offense was a $500 fine and/or six months' imprisonment. 18 U.S.C. § 1(3). In *United States v. Hamdan*, 552 F.2d 276 (9th Cir. 1977), the Ninth Circuit stated that "[i]t is not unrealistic to treat any fine in excess of $500 as a serious matter to all individuals...." *Id.* at 280. However, in a footnote, the court stated:

> The value of money changes, of course, as does the wealth of the economy. But Congress can be expected to adjust the monetary standard of [18 U.S.C.] section 1(3) so that it will continue to represent a fair judgment as to the appropriate line between petty and serious offenses.
>
> \* \* \* \* \* \*
>
> Whether [18 U.S.C.] § 1(3) reflects an appropriate referent in determining the constitutional standard in light of future changes in the value of money or in future amendments of the statute will, of course, remain a question for the courts to determine. (Citation omitted.)

552 F.2d at 280 n. 3. Our supreme court has previously rejected the Ninth Circuit's pronouncement in *Hamdan* that offenses punishable by more than a $500 fine must be tried to a jury, concluding that *Hamdan* was based upon 18 U.S.C. § 1(3). *State ex rel. Baumert v. Superior Court*, 127 Ariz. 152, 155, 618 P.2d 1078, 1081 (1980).

In 1984, Congress raised the maximum fine for petty offenses from $500 to $5000. Criminal Fine Enforcement Act of 1984, Pub.L. No. 98–596, § 8, 98 Stat. 3134, 3138 (1984).

Haring and Littles argue that the recent Ninth Circuit decision of *Rife v. Godbehere*, 814 F.2d 563, *amended* 825 F.2d 185 (9th Cir.1987) stands for the proposition that an offense punishable by a $1000 fine is a serious offense requiring a jury trial. *Rife* was denied a jury trial after being charged with three counts of unlawful use of a telephone to terrify, intimidate, threaten, annoy, or harrass in violation of A.R.S. § 13–2916, a class 1 misdemeanor. *Rife* filed a habeas corpus petition, claiming that his constitutional right to a jury trial had been denied. The Ninth Circuit held: "Rife was charged with a Class I misdemeanor, punishable by up to a $1,000 fine. Ariz. Rev.Stat.Ann. § 13–802(A). Therefore, the crime charged was serious, and he was entitled to a jury trial." *Id.*, 814 F.2d at 565. The Ninth Circuit later concluded in its amended opinion that the 1984 amendment to 18 U.S.C. § 1(3) was irrelevant to its decision since Rife committed the offenses before the federal petty offense maximum fine was increased from $500 to $5000. *Id.*, 825 F.2d at 185.

The matters before us, of course, arose after the 1984 amendment to 18 U.S.C. § 1(3). Congress has, as the Ninth Circuit predicted in *Hamdan*, raised the maximum fine for federal petty offenses. It would seem incongruous that in federal court, a petty offense with no right to a trial by jury is now punishable by a fine of up to $5000 while in state court, an otherwise petty offense has become a serious offense triable by a jury, because the maximum fine is $1000. We do not believe that *Rife* retains vitality in view of the 1984 Amendment of 18 U.S.C. § 1(3).

■ Our supreme court has stated that three factors must be considered in determining whether a defendant has a constitutionally guaranteed right to a jury trial: (1) the severity of the possible penalty; (2) the relation of the offense to common law

crimes; and (3) whether the act involves moral turpitude. *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966); *State ex rel. Dean v. City Court of Tucson,* 141 Ariz. 361, 362, 687 P.2d 369, 370 (App.1984); *Spronken v. City Court of City of Tucson,* 130 Ariz. 62, 63–64, 633 P.2d 1055, 1056–57 (App.1981). The supreme court has rejected the notion that a penalty of six months' incarceration and a $1000 fine are so serious as to require a jury trial. *State ex rel. Baumert v. Superior Court, supra.* The parties cite us to no authority, nor do we find a common law counterpart to the offense of unlawful possession of marijuana. Regarding moral turpitude, we agree with the comment by Division One of this court in *State v. Moreno,* 134 Ariz. 199, 655 P.2d 23 (App.1982):

> Without the benefit of in-depth research, the majority is not prepared to say that in today's society the [offense of possession of marijuana] involves such an appreciable degree of moral turpitude (branding the defendant "a depraved and inherently base person") beyond that present in convictions for disorderly conduct (engaging "in fighting, violent or seriously disruptive behavior"), ... drunk and disorderly conduct, ... or assault and battery, ... in all of which the Arizona courts have held that the defendant was not entitled to a jury trial. (Citations omitted.)

134 Ariz. at 202, 655 P.2d at 26.

In *State ex rel. Dean v. City Court of Tucson, supra,* 141 Ariz. at 363, 687 P.2d at 371, this court held that no jury trial was necessary for a charge of reckless driving, stating:

> Finally, we do not believe that reckless driving is today considered to be "an act of such obvious depravity that to characterize it as a petty offense would be to shock the general moral sense." ... We find it impossible to distinguish this offense from those which have been held in the following cases to involve no moral turpitude.... (sale of alcoholic beverages to minors); ... (disorderly conduct); ... (simple assault); ... (simple assault and battery); ... (possession of marijua-

na); ... (carrying a concealed weapon); .... (Citations omitted.)

We hold that none of the three factors we must consider requires that Haring and Littles be afforded jury trials as to the present misdemeanor charges of unlawful possession of marijuana.

Haring argues that the combination of charges pending against him mandates a jury trial. The record is unclear as to which charges Haring will face at trial in addition to the charge of unlawful possession of marijuana. Haring is entitled to a jury trial for the two original DUI charges, *Rothweiler v. Superior Court of Pima County, supra,* although he is not entitled to a jury trial on the misdemeanor marijuana charge. If these charges are joined for trial, he will, of course, receive a jury trial on the marijuana charge by virtue of that charge being joined with charges for which he is entitled to a jury trial. If severance of the marijuana charge is granted pursuant to Rule 13.4 Ariz.R.Crim.P., 17 A.R.S., Haring will not be entitled to a jury trial for the single charge of unlawful possession of marijuana.

Littles' case significantly differs from that of Haring's in that Littles' unlawful possession of marijuana charge is not presently joined with other offenses requiring a jury trial. Accordingly, unlike Haring's case, no question of a possible necessity for severance is presented. The briefs of the parties indicate that Mr. Littles was originally charged with drinking in public and unlawful possession of marijuana. In *Bruce v. State,* 126 Ariz. 271, 614 P.2d 813 (1980), the supreme court held that "where a defendant is charged with several petty offenses, factually related or arising out of a single event, there is no constitutional requirement of a jury trial but the actual punishment may not exceed that which would be permissible without a jury trial in case of a single offense." 126 Ariz. at 272, 614 P.2d at 814. *Bruce* is determinative of the outcome and Littles is not entitled to a jury trial.

We vacate the orders granting jury trials on the respective charges of unlawful possession of marijuana and remand these

matters for disposition in accordance with this opinion.

LIVERMORE, P.J., and FERNANDEZ, J., concur.