778 P.2d 1193

**STATE of Arizona ex rel. Frederick S. DEAN, Petitioner/Appellant,**

**v.**

**The Honorable Carmen DOLNY, a Magistrate of the City Court of the City of Tucson; the Superior Court of the State of Arizona, County of Pima; the Honorable John Hawkins, a Judge thereof; Respondents,**

**and**

**Timothy HARING, Real Party in Interest/Appellee.**

**STATE of Arizona ex rel. Frederick S. DEAN, Petitioner/Appellant,**

**v.**

**The Honorable Margarita BERNAL, a Magistrate for the City Court of the City of Tucson; the Superior Court of the State of Arizona, County of Pima, the Honorable Thomas Meehan, a judge thereof; Respondents,**

**and**

**Marvin LITTLES, Real Party in Interest/Appellee.**

**No. CV–88–0272–PR.**

Supreme Court of Arizona, En Banc.

June 15, 1989.

Reconsideration Denied Sept 19, 1989.

Frederick S. Dean, Tucson City Atty. by M.J. Raciti, L. Michael Anderson and Christopher L. Straub, Asst. City Attys., Tucson, for petitioner/appellant.

Dunscomb & Shepherd by Denice R. Shepherd, Tucson, for real parties in interest.

## OPINION

MOELLER, Justice.

### JURISDICTION

These two consolidated cases are both misdemeanor prosecutions for possession of marijuana. The court of appeals, in a published opinion, reversed lower court orders granting jury trials in these cases, 157 Ariz. 599, 760 P.2d 599 (1988). We granted review and have jurisdiction pursuant to article 6 § 5(3) of the Arizona Constitution and Rule 23 of the Arizona Rules of Civil Appellate Procedure.

### ISSUE

Whether a defendant criminally charged with unlawful possession of marijuana, designated as a Class 1 misdemeanor, is entitled to a jury trial.

### BACKGROUND

The court of appeals consolidated the cases of Timothy Haring and Marvin Littles. Both cases involve essentially the same set of facts. Each defendant was arrested on outstanding warrants: Haring on August 19, 1987, and Littles on August 29, 1987. In each case, a search incident to

arrest revealed a small amount of marijuana. Each defendant was charged with unlawful possession of less than one pound of marijuana not for sale. A.R.S. § 13–3405(B)(1) makes such offenses Class 6 felonies. However, pursuant to written policies of the Pima County Attorney, felony prosecution was automatically declined and the cases were filed as Class 1 misdemeanors, punishable by up to six months in jail and a $1,000 fine, plus applicable surcharges. The defendants were arraigned before different city magistrates, and each case was set for a jury trial. The city objected to the jury settings, arguing that under the decisions in *State v. Moreno*, 134 Ariz. 199, 655 P.2d 23 (App.1982), and *State ex rel. Dean v. City Court of Tucson*, 141 Ariz. 361, 687 P.2d 369 (App.1984), the defendants were not entitled to a jury trial.

The city petitioned the Pima County Superior Court for special action relief in both cases; the court denied relief. The city then appealed to Division Two of the court of appeals. The court of appeals held that the defendants were not entitled to a jury trial.

## COURT OF APPEALS DECISION

The court of appeals first concluded that federal constitutional law did not require a jury trial in these cases. Recent federal case law supports the court's opinion, at least where the constitutional analysis is limited primarily to a consideration of the severity of the potential punishment. *See Blanton v. City of North Las Vegas, Nev.,* — U.S. ——, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). The court of appeals then looked to the rules developed in Arizona for determining the circumstances under which state law requires a jury trial. The appeals court correctly noted that we have applied a three-pronged test to answer this question. *Rothweiler v. Superior Court,* 100 Ariz. 37, 42, 410 P.2d 479, 483 (1966).

The three prongs of the *Rothweiler* test are: (1) the severity of the possible penalty; (2) the moral quality of the crime; and (3) the relationship of the crime to common law crimes. The court of appeals concluded that the defendants did not qualify for a jury trial under *Rothweiler*.

The court reasoned that because the possible penalty for a Class 1 misdemeanor is "only" a $1,000 fine and six months in jail, the penalty was not severe enough to necessitate a jury trial. *State v. City Court of Tucson,* 157 Ariz. 599, 602, 760 P.2d 599, 602 (1988) (citing *State ex rel. Baumert v. Superior Court,* 127 Ariz. 152, 618 P.2d 1078 (1980)). The court also determined that because no common law counterpart to possession of marijuana existed, that aspect of *Rothweiler* was unavailable. The court concluded finally that possessing marijuana does not involve moral turpitude; thus the "moral quality" prong of *Rothweiler* also did not apply.

## DISCUSSION

The right to a trial by jury is guaranteed in article 2, §§ 23 and 24 of the Arizona Constitution.[1] It has been held that jury trial is not available to all criminal defendants, but rather only to those defendants charged with serious, as opposed to petty, crimes. *See, e.g., Goldman v. Kautz,* 111 Ariz. 431, 531 P.2d 1138 (1975); *Rothweiler v. Superior Court,* 100 Ariz. 37, 410 P.2d 479 (1966); *see also Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970) (establishing standard for "petty" under the federal constitution).

Our legislature has defined "petty offense" as "an offense for which a sentence of a fine only is authorized by law." A.R.S. § 13–105(24). We agree with the observations of Judge Contreras, dissenting in *State v. Moreno,* 134 Ariz. 199, 655 P.2d 23 (App.1982), that, while the statutory definition of "petty" is not controlling on the issue of right to jury trial, it is entitled to considerable deference, particularly given the fact that our legislature has defined the terms "felony," "misdemean-

---

1. Article 2, § 23 of the Arizona Constitution provides in pertinent part:

    The right of trial by jury shall remain inviolate. Article 2, § 24 provides in part:

    In criminal prosecutions, the accused shall have the right to ... have a speedy public trial by an impartial jury....

or," and "petty" in a mutually exclusive manner. *See* A.R.S. § 13–105(13, 18 and 24). We find it significant that the legislature does not consider any offense "petty" which could result in *any* jail time, let alone six months.

We turn now to a consideration of Arizona case law. As we have noted, this court in *Rothweiler* established a three-part standard by which to determine whether an offense is petty or serious and, thus, whether a defendant is entitled to a jury trial. The *Rothweiler* court determined that a defendant in a DUI case was entitled to a jury trial because of the seriousness of the possible penalty together with the potentially grave consequences flowing from conviction.[2] *Rothweiler*, 100 Ariz. at 44–45, 410 P.2d at 484–85.

Although the *Rothweiler* opinion referred to the "grave consequences" as implicating the moral quality of the crime, this suggests too narrow an inquiry. The *Rothweiler* court was undoubtedly concerned with the stigma associated with certain crimes, but it was *primarily* concerned with the nature of the consequences resulting from a conviction, such as the impact that losing one's driver's license could have on the defendant's ability to earn a living. *Id.*

■■■ Certainly, being charged with a crime of moral turpitude warrants a jury trial.[3] Damage to reputation, humiliation, and loss of dignity beyond that associated with all crimes brings moral turpitude crimes, by their very nature, into the realm of serious cases. However, being tried for a crime that does not fall within the definition of moral turpitude may also be serious enough to warrant a jury trial, chiefly because of the grave consequences resulting from conviction. Thus, we regard it as a mistake to read *Rothweiler* to hold that the moral quality prong only applies to moral turpitude crimes.

In *State v. Pima County Superior Court*, 121 Ariz. 174, 589 P.2d 48 (App. 1978), Division Two of the court of appeals, concerned about the accused's ability to earn a living, ruled that a misdemeanor charge of shoplifting required a jury trial. The court illustrated the impact of a conviction by listing a number of professions or occupations in which one's ability to obtain a license could be restricted as a result of a shoplifting conviction. *Id.* at 175 n. 3, 589 P.2d at 49 n. 3 (e.g., attorneys, A.R.S. § 32–273 (repealed); nurses, A.R.S. § 32–1663(A)(2); security guards, A.R.S. § 32–2615(3)).

■■■ We conclude that a conviction for possession of marijuana results in consequences sufficiently grave to warrant a jury trial. Not only could one convicted of possession of this illegal drug expect decreased employment opportunities, one could also reasonably expect the imposition of conditions to be placed on employment or potential employment, such as drug counselling, treatment, or testing. Moreover, certain occupational and professional licenses could conceivably be unavailable to these defendants should they be convicted (e.g., pharmacists, A.R.S. § 32–1927(A)(4) and (5), attorneys, Ariz.R.S.Ct. 59(b)(1)(B)). These types of consequences bring the crimes out of the category of petty cases and into the category of serious cases, despite the possible penalty being "only" a $1,000 fine and six months in jail. Thus, defendants are entitled to a jury trial.[4]

---

2. The maximum penalty Rothweiler could have received was a $300 fine and six months in jail; the court also had the authority to suspend his driving privileges for 90 days. 100 Ariz. at 39, 410 P.2d at 481.

3. The term "moral turpitude" generally refers to acts that adversely reflect on one's honesty, integrity, or personal values. *See* Ariz.R.S.Ct. 42, Rules of Professional Conduct, E.R. 8.4 (comment).

4. While the federal and state constitutions speak in terms of the *accused's* right to a jury trial, we note that in Arizona by constitutional provision and by rule, the state's right to a jury trial is co-extensive with the accused's right, because the accused cannot waive his right to a jury without the consent of the prosecutor and the court. Ariz. Const. art. 6, § 17; Ariz.R.Crim.P. 18.1(b). *See also* A.R.S. § 13–3983. Although the majority in *Moreno* only addressed the jury trial issue in response to the dissent, we believe it is necessary, for the sake of clarity, to state specifically that we disapprove of the *Moreno* court's conclusion that the charge of simple

Having resolved the cases before us, it is unnecessary to go further and decide whether the Arizona Constitution requires a jury trial in *all* criminal cases, including those tried in non-record courts. We recognize that territorial statutes dating as far back as 1871 and remaining in force at the time the constitution was adopted, specifically provided for a jury upon demand in all criminal cases, including those in non-record courts. Penal Code, Title XXII, § 1318 (1913); Penal Code, Title XXI, § 1191 (1901); Penal Code, Title XXII, ch. 1, § 2217 (1887), Laws, ch. 11, § 583 (1871). We also note that the language of article 2, § 23 of the Arizona Constitution at the time of adoption clearly contemplated jury trials in non-record courts:

> The right of trial by jury shall remain inviolate, but provision may be made by law for a jury of a number of less than twelve in courts not of record.... (Amended to its current form, Nov. 7, 1972.)

Thus, one could argue that the state constitution at the time of adoption intended to provide for jury trials in all criminal cases. However, because we conclude that the instant case falls within the *Rothweiler* test, now slightly reformulated by us, we leave the alternative constitutional arguments for a case in which they must be addressed.

## CONCLUSION

We hold that under *Rothweiler* a misdemeanor charge of possession of marijuana is sufficiently serious to warrant a jury trial, primarily because of the potentially grave consequences, together with the potential direct punishment, resulting from a conviction. The court of appeals opinion is vacated. The superior court judgments are affirmed. The cases are remanded for jury trials.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, J., concur.

possession of marijuana does not entitle defendant to a jury trial.

CORCORAN, Justice, dissenting.

I respectfully dissent. Because I believe that defendants are *not* entitled to jury trials under either the federal constitution or the Arizona constitution, I would affirm the court of appeals' decision.

### 1. *Federal law*

In *Blanton v. City of North Las Vegas,* — U.S. ——, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), the Supreme Court held that persons charged under Nevada law with driving under the influence of alcohol are *not* entitled to jury trials. Under Nevada law, first-time DUI offenders face up to 6 months in jail and must pay a fine of up to $1,000—the same penalties imposable on persons convicted of misdemeanor possession of marijuana in Arizona. *See* A.R.S. §§ 13–707(A)(1), –802(A).

In reaching its decision, the Court observed that the most relevant criterion for determining the seriousness of an offense is the severity of the maximum penalty fixed by the statute. 109 S.Ct. at 1292. The Court held that an offense carrying a maximum jail term of 6 months or less will be *presumed* "petty," and stated:

> A defendant is entitled to jury trial in such circumstances *only* if he can demonstrate that any additional *statutory* penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a "serious" one.

109 S.Ct. at 1293 (emphasis added). Considering the maximum jail sentence of 6 months, together with the additional penalties imposed by the Nevada DUI statute, including a maximum fine of $1,000 and a 90–day driver's license suspension,[1] the Court concluded that DUI in Nevada is not a "serious" offense, and that, therefore, first-time DUI offenders are not entitled to jury trials under the Sixth Amendment to the United States Constitution.

1. The penalties imposed on first-time DUI offenders under Arizona law are nearly identical to those imposed under Nevada law. *See* A.R.S. § 28–692.01.

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to ... an impartial jury...." This safeguard is substantially the same as that provided by the Arizona Constitution. Article 2, § 23 provides that "[t]he right of trial by jury shall remain inviolate," while § 24 states: "In criminal prosecutions, the accused shall have the right ... to have a ... trial by an impartial jury...."

Because the right to jury trial provided by the federal and Arizona constitutions are nearly identical, I would follow the interpretation placed on the federal provision by the United States Supreme Court in interpreting the Arizona provision. Accordingly, I would hold that the penalties faced by defendants in our case—6 months' imprisonment and a $1,000 fine—do not entitle them to jury trials.

### 2. Arizona law

Even assuming that we must apply a different standard in interpreting a defendant's right to a jury trial under the Arizona constitution and laws, I would hold that a misdemeanor possession of marijuana charge does not warrant a jury trial. As the majority correctly notes, the *Rothweiler* court established 3 factors to use in determining a defendant's right to a jury trial: (1) the severity of the possible penalty, (2) the "moral quality of the act," and (3) the relation of the offense to common law crimes. *Rothweiler*, 100 Ariz. at 42, 410 P.2d at 483. The *Rothweiler* court focused primarily on the first factor in holding that a defendant charged with DUI was entitled to a jury trial. Noting that, if convicted, the defendant could be subject to "imprisonment, a fine and suspension of his right to drive for a period of time, or any combination of the three," the court held:

> The severity of the penalty that may be imposed demands that [defendant] be afforded protection of fundamental guarantees of life and liberty as guaranteed by the Arizona Constitution.

100 Ariz. at 44, 410 P.2d at 484.

We previously have held that a maximum penalty of 6 months' imprisonment and a $1,000 fine is *not* serious enough to warrant a jury trial. *State ex rel. Baumert v. Superior Court*, 127 Ariz. 152, 618 P.2d 1078 (1980). Thus, *Rothweiler's* first factor would not entitle defendants in our case to jury trials.

Regarding the second factor—the moral quality of DUI—the *Rothweiler* court remarked:

> [I]ts moral quality has become offensive to the public *as demonstrated by the severity of the punishment.* Such conduct is repugnant to the community as well as the law because of the potential harm and evil that may result from such practice.

100 Ariz. at 44, 410 P.2d at 485 (emphasis added). Thus, the court's determination of the moral quality of the offense was guided by the severity of the penalty. A convicted defendant's potential loss of driving privileges was merely a consideration in the court's determination of the severity of the penalty; it was *not* an independent factor militating in favor of a jury trial.

I agree with the court's statement in *City of Phoenix v. Jones*, 25 Ariz.App. 98, 100, 541 P.2d 424, 426 (1975):

> We have some difficulty in the area of assessing the "moral quality" of the act, feeling that moral judgments are best left in the hands of the legislature to mark the degree of decadency of the act by the penalty it imposes for its transgression.

Although the court of appeals vacated its opinion on a motion for reconsideration, the court adhered to its earlier pronouncement regarding the determination of an offense's "moral quality" in answering the defendant's claim that the crime of carrying a concealed weapon is one involving "moral turpitude":

> In our prior opinion, we specifically rejected the proposition that the judiciary is in a position to categorize the "seriousness" of a crime, this being a function of the legislature by setting the punishment to be exacted. We see no reason to deviate from this prior expression.

*City of Phoenix v. Jones*, 25 Ariz.App. 265, 266, 542 P.2d 1145, 1146 (1975). As evi-

denced by the maximum penalties imposable—6 months' imprisonment and a $1,000 fine—the "moral quality" of misdemeanor possession of marijuana does *not* entitle defendants in this case to jury trials.

This court has examined the "moral quality" of an offense by considering whether the defendant "is a depraved and inherently base person," or whether the offense "involve[s] serious moral turpitude." *O'Neill v. Mangum*, 103 Ariz. 484, 485, 445 P.2d 843, 844 (1968) (holding that defendants charged with "drunk and disorderly" conduct were *not* entitled to jury trial). Our court of appeals rejected a defendant's claim that he was entitled to a jury trial on his reckless driving charge, finding the offense was *not* " 'an act of such obvious depravity that to characterize it as a petty offense would be to shock the general moral sense.' " *State ex rel. Dean v. City Court*, 141 Ariz. 361, 363, 687 P.2d 369, 371 (App.1984), *quoting District of Columbia v. Colts*, 282 U.S. 63, 73, 51 S.Ct. 52, 53, 75 L.Ed. 177, 213–14 (1930).

I would hold that the moral quality of a possession of marijuana charge is no worse than that of other offenses Arizona courts have held to be insufficient to satisfy *Rothweiler*'s second factor. *See Spitz v. Municipal Court*, 127 Ariz. 405, 621 P.2d 911 (1980) (sale of alcoholic beverages to minors); *State ex rel. Baumert v. Superior Court* (disorderly conduct); *Bruce v. State*, 126 Ariz. 271, 614 P.2d 813 (1980) (simple assault); *Goldman v. Kautz*, 111 Ariz. 431, 531 P.2d 1138 (1975) (simple assault and battery); *O'Neill v. Mangum* (drunk and disorderly conduct); *State ex rel. Dean v. City Court* (reckless driving); *City of Phoenix v. Jones*, 25 Ariz.App. 265, 542 P.2d 1145 (1975) (carrying a concealed weapon).

The majority admits that possession of marijuana "does not fall within the definition of moral turpitude," but holds that *Rothweiler*'s second factor is satisfied because of the "grave consequences resulting from conviction." I again point out that the *Rothweiler* court was concerned with the "grave consequences" resulting from a DUI conviction—suspension of driving privileges—only in considering the *first* factor of the test—the severity of the possible penalty. The statute applicable in *Rothweiler* specifically authorized a court to suspend a convicted defendant's driver's license.

Adverse consequences that are *not* provided by the statute, but which nevertheless flow from a conviction, are insufficient to require a jury trial. In *Spitz*, we held that a defendant charged with selling liquor to a minor is not entitled to a jury trial, and stated:

> The fact that there might be an additional sanction, such as suspension of the liquor license by the Superintendent of the Department of Liquor Licenses and Control, A.R.S. § 4–210, does not mandate a jury trial.

127 Ariz. at 408, 621 P.2d at 914.

The majority concludes that "certain occupational and professional licenses could conceivably be unavailable to these defendants should they be convicted." In *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the Supreme Court noted:

> [T]he prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or "petty" matter *and may well result in quite serious repercussions affecting his career and his reputation.* Where the accused cannot possibly face more than six months' imprisonment, we have held that these disadvantages, onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications.

399 U.S. at 73, 90 S.Ct. at 1890 (emphasis added). The fact that a conviction for possession of marijuana may affect future employment possibilities and the ability to obtain some professional licenses does not warrant the classification of this offense as anything other than a petty offense not involving moral turpitude.

Unquestionably, the problem of illegal drugs is of national concern. Governmental agencies in Arizona and across the nation are working to eliminate the problems attendant to drugs—addiction, accidents,

medical costs, etc. However, these facts do not transform a possession of marijuana charge into an offense involving moral turpitude. I feel that the severity of the potential penalty and the moral quality of the offense, taken together, are insufficient to render possession of marijuana, charged as a class 1 misdemeanor, a serious offense warranting a jury trial under Arizona law.

### 3. *Conclusion*

In *Blanton,* the Court indicated that it would look primarily to the actions of the legislature in fixing the maximum penalty for a crime to determine whether the crime was sufficiently serious to warrant a jury trial, and stated: "The judiciary should not substitute its judgment as to seriousness for that of a legislature...." 109 S.Ct. at 1292. This court has also indicated that its determination of a crime's seriousness is guided by the legislature, stating that "the maximum statutory penalty is the most relevant objective criteria in determining a defendant's Sixth Amendment right to a jury trial...." *Bruce,* 126 Ariz. at 273, 614 P.2d at 815.

In light of these judicial pronouncements, it would be appropriate for the legislature, in setting sanctions imposable for conviction of crimes, to indicate that particular offenses, such as misdemeanor possession of marijuana or first-offense DUI, should *not* be tried before a jury. Assuming the constitutionality of the statute were challenged, this court could then face squarely the constitutional issues concerning a defendant's right to a jury trial.