NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DONNA MARIE MAYO, *Petitioner*.

No. 1 CA-CR 13-0201 PRPC
FILED 08-14-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2010-164376-001
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Donna Marie Mayo, Goodyear
*Petitioner*

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Jon Thompson and Judge Kenton D. Jones joined.

**J O H N S E N**, Chief Judge:

**¶1**         Donna Marie Mayo petitions this court for review from the dismissal of her petition for post-conviction relief.  After considering the petition for review, the court grants review and denies relief.

**¶2**         Mayo pled guilty to possession or use of dangerous drugs and the trial court sentenced her to a presumptive term of 2.5 years' imprisonment.  Mayo filed a pro per petition for post-conviction relief of-right after her counsel found no colorable claims for relief.  The superior court summarily dismissed the petition, and Mayo now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**         Mayo first argues the police conducted an illegal warrantless search of her residence.  Mayo waived this issue when she pled guilty.  A plea agreement waives all non-jurisdictional defenses, errors and defects that occurred prior to the plea.  *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982), *abrogated on other grounds*, *State ex rel. Dean v. Dolhy*, 161 Ariz. 297, 299, 778 P.2d 1193, 1195 (1989).  The waiver of non-jurisdictional defects includes deprivations of constitutional rights.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

**¶4**         Mayo next presents several claims of ineffective assistance of counsel.  To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985).  To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 669.

**¶5**         Mayo argues her trial counsel was ineffective when she failed to file a motion to suppress evidence seized during a search of Mayo's residence and otherwise failed to investigate or litigate this alleged violation of Mayo's rights.  Mayo offers no legal argument in her petition for review to support that contention.  In her petition to the superior court, she argued the search was performed without a search warrant, but the record indicates officers had a warrant to search the home.  Mayo also contends her lawyer failed to investigate alleged discrepancies in the police reports, but she does not provide copies of those reports.  Finally, Mayo argues her counsel was ineffective when she failed to submit copies of records that proved Mayo had a prescription for the drugs found in her

possession. We deny relief on this issue because Mayo pled guilty to the charged offense based on her possession of methamphetamine, not prescription drugs.

**¶6**　　　For the reasons stated above, the court grants review and denies relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh