NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DONALD K. LEACOCK, *Petitioner*.

No. 1 CA-CR 13-0557 PRPC

FILED 2-12-2015

Petition for Review from the Superior Court in Coconino County
No. CR2008-0511
The Honorable Mark R. Moran, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Heather A. Mosher
*Counsel for Respondent*

Donald K. Leacock, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie, Judge Patricia K. Norris, and Judge
Randall M. Howe delivered the decision of the Court.

**PER CURIAM**:

¶1        Donald K. Leacock petitions this Court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Leacock pled guilty to sexual exploitation of a minor, attempted sexual exploitation of a minor, child abuse and vulnerable adult abuse in two cases.  The trial court placed Leacock on lifetime probation for attempted sexual exploitation of a minor and sentenced him to an aggregate term of thirty years' imprisonment for the remaining counts. Leacock now seeks review of the summary dismissal of his second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Leacock argues the indictments in his cases were legally insufficient for various reasons; the prosecutor(s) who handled his cases engaged in misconduct by filing these indictments; the trial court had no jurisdiction over his cases because of the deficient indictments; law enforcement officers conducted an illegal search of his premises; and his trial counsel was ineffective when he failed to raise these issues below.

¶4        We deny relief.  Leacock could have raised all of these issues in his first petition for post-conviction relief. Any issue a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. The non-jurisdictional aspects of Leacock's claims—the indictment, the search, and the alleged prosecutorial misconduct—were waived when he pled guilty.  A plea agreement waives all non-jurisdictional defenses, errors and defects which occurred before the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982), *rev'd on other grounds State ex rel. Dean v. Dolny*, 161 Ariz. 297, 778 P.2d 1193 (1989). This includes deprivations of constitutional rights.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

¶5        Finally, although Leacock also argues the trial court should have recused itself from the post-conviction relief proceedings, he did not raise this issue in the petition for post-conviction relief that he filed in the trial court.  A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980).

¶6 We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama