NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

WILLIAM LEON SCROGGINS, *Petitioner.*

No. 1 CA-CR 16-0670 PRPC
FILED 11-28-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-002779-001
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

¶1  William Leon Scroggins ("Scroggins") petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2  Scroggins was charged with first degree murder, aggravated assault, and kidnapping. He claimed self-defense. At a pre-trial hearing, defense counsel made an oral motion to continue indicating that the family had provided her with information that Scroggins had a mental health diagnosis. Defense counsel referenced a letter from the Social Security Administration that stated Scroggins had received social security disability benefits under the eligibility category of schizophrenia, paranoia, and other mental health diagnoses. The letter stated that Scroggins' records had been destroyed but that further information might be obtained from the social security office. The letter did not indicate when benefits were awarded, when the diagnoses were made, or by whom. Counsel stated that she believed a Rule 11 motion would be appropriate as Scroggins was claiming self-defense and that his mental health affected his state of mind at the time of the offense. Counsel admitted she was not able to request a Rule 11 evaluation as she did not have enough information, but she still wanted a continuance to investigate and obtain records. After a bench conference, the court denied the motion to continue. That same day, Scroggins rejected a plea offer, and the court found the rejection of the plea to be knowing, intelligent, and voluntary.

¶3  Subsequently, Scroggins entered a guilty plea to second degree murder with a stipulated sentencing range of 22-25 years' imprisonment. The other two counts were dismissed. After a thorough change of plea colloquy, the court accepted the plea agreement and found that Scroggins had entered his plea knowingly, intelligently, and voluntarily. Scroggins filed a Motion to Withdraw from the Plea, stating he felt pressured to accept the plea, had been overwhelmed by the possible

penalty of going to trial, and that his family was concerned about his mental health. The presentence investigation noted that Scroggins was in "good physical and mental health," and had told the pre-sentence writer that he had received supplemental security benefits for 20 years for unknown reasons. The pre-sentence report opined that Scroggins' violent action was exacerbated by substance abuse. At the sentencing hearing, defense counsel requested a bifurcated sentencing, telling the court that she had learned from the family there was additional mitigation evidence and that the family wanted the involvement of the NAACP. She also requested additional time to investigate and gather information prior to completion of Scroggins' portion of the sentencing hearing. The court denied her request. After hearing testimony from Scroggins' family members, the court sentenced Scroggins to 23.5 years in prison.

¶4        Scroggins filed a timely petition for post-conviction relief claiming that the superior court should have granted the oral motion for a continuance to investigate any mental health concerns. The court found that the plea was voluntary, that defense counsel had adequate time to gather documentation of any mental health issues prior to sentencing, and that Scroggins had failed to provide any evidence to support his claim. The court denied the petition.

¶5        Absent an abuse of discretion or error of law, we will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶19 (2012). "We may affirm on any basis supported by the record." *State v. Robinson,* 153 Ariz. 191, 199 (1987). On review, the petitioner bears the burden of establishing error. *See State v. Poblete*, 227 Ariz. 537, 538, ¶1 (App. 2011). For the following reasons, Scroggins has failed to carry his burden.

¶6        Scroggins entered his guilty plea after the court had denied his motion for a continuance. A plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982), *abrogated on other grounds*, *State ex rel.*; *Dean v. Dolny*, 161 Ariz. 297 (1989). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Scroggins may not challenge the failure to grant a continuance at a pre-trial hearing after he accepted a plea agreement.

¶7          Further, "[t]he granting of a continuance is within the discretion of the trial court, and its decision will only be disturbed upon a showing of a clear abuse of such discretion and prejudice to defendant." *State v. Amaya-Ruiz*, 166 Ariz. 152, 164 (1990). Scroggins has not demonstrated either an abuse of discretion or prejudice.

¶8          In her oral motion to continue, defense counsel stated she was seeking the continuance to investigate Scroggins' mental health history. However, she did not claim that Scroggins was incompetent either to stand trial or enter a plea and did not request an evaluation under Ariz. R. Crim. P. 11. Rather, she stated she was seeking the information to use at trial to support Scroggins' claim of self-defense. The superior court heard argument and engaged in a bench conference with both counsel before denying the motion. The court did not abuse its discretion by denying the motion to continue.

¶9          Counsel clearly believed that Scroggins was competent to enter a plea as she actively engaged in plea negotiations on his behalf and used the information about possible past mental health diagnoses to negotiate a plea to second degree murder. At the change of plea hearing, Scroggins indicated that he had conferred with counsel, understood the risks of going to trial, understood the terms of the plea, and had not been coerced. Statements made to the court at a change of plea hearing regarding voluntariness are normally binding on a defendant. *State v. Hamilton*, 142 Ariz. 91, 93 (1984). At sentencing, the superior court stated that it considered Scroggins' mental health issues, even without documentation, as mitigation. The court sentenced Scroggins within the range contemplated in the plea agreement. Nothing in the record indicates that if Scroggins' motion to continue had been granted, the outcome of the proceeding would have been different. Therefore, no prejudice resulted from the denial of the motion to continue.

¶10         Scroggins also requests that we order a competency evaluation. To date, Scroggins has not provided any medical documentation of his claim of mental illness beyond the diagnoses in the social security letter. Nothing in the record substantiates Scroggins' claim that he was unable to understand the proceedings or assist in his defense. Even assuming that Scroggins had a serious mental health illness in the past, the presence of a mental illness, defect, or disability alone is not grounds for finding a defendant incompetent to stand trial or enter a plea. Ariz. R. Crim. P. 11.1. Therefore, the request for relief is denied.

¶11     We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA