464 P.2d 361

**STATE of Arizona, Appellee,**

v.

**John Robert deWOOD, Jr., Appellant.**

**No. I CA–CR 216.**

Court of Appeals of Arizona,
Division 1.

Jan. 26, 1970.

Gary K. Nelson, Atty. Gen., Phoenix, by Carl Waag, Asst. Atty. Gen., for appellee.

Gerald N. Thomas, Flagstaff, for appellant.

KRUCKER, Judge.

Appellant-defendant, John Robert Wood, Jr., entered a plea of guilty to an information charging him with possession of marijuana on January 17, 1969, in violation of A.R.S. § 36–1002.05. Three other co-defendants were sentenced to 90 days in jail. Appellant was sentenced to not less than eighteen months nor more than two years because of his previous record.

The only question raised for review is whether or not the plea of guilty was knowingly, voluntarily and intelligently made.

Preliminary hearing was waived by all defendants. Appellant was represented during arraignment by counsel, was fully advised of his rights and the possible consequences of such a plea, and was questioned by the trial judge. The following

testimony was adduced at the time of sentencing:

\* \* \* \* \* \*

"THE COURT: Now, before accepting your plea I want to ask all four of you a few questions. You are of course represented by counsel and I assumed that he has discussed this matter with you.

(The defendants indicate affirmatively.)

THE COURT: Do all of you understand that the maximum penalty for this particular crime is ten years in the Arizona State Prison?

(The defendants indicate affirmatively.)

THE COURT: You all understand that.

Have there been any promises or threats made to any of you by any person in order to encourage you to plead guilty or have any of you been promised or lead to believe that if you pleaded guilty that you would receive a specific sentence or probation? Has anyone promised you anything like that?

(The defendants all indicate negatively.)

THE COURT: Are all of you entering your plea because you are guilty and for no other reason?

(The defendants indicate affirmatively.)

THE COURT: And do you understand that you would be entitled to a jury trial if you wanted to proceed?

(The defendants indicate affirmatively.)

THE COURT: Mr. Egan, you have discussed this matter with all of the defendants and you, I assume that in your opinion they are guilty and it is to their best interests to enter a plea of guilty?

MR. EGAN: Yes, Your Honor.

THE COURT: And in your opinion they are all intelligent and understand the nature of the charge?

MR. EGAN: Yes, yes, Your Honor."

\* \* \* \* \* \*

Mr. Egan, the attorney who represented defendant, was allowed to withdraw from the case after he had filed an opening appeal brief, dated May 19, 1969, stating that an examination of the record revealed no error, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967); Entsminger v. State of Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed. 2d 501 (1967); and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969).

The brief filed by Mr. Egan stated that he had fully discussed the facts with defendant, advised him that he did not have to enter a plea of guilty, and that he could move to have the case remanded for preliminary hearing in Justice Court.

Upon withdrawal of Mr. Egan as counsel, the court appointed Mr. Thomas as counsel. Mr. Thomas also filed an opening appeal brief dated September 12, 1969, which is essentially the same as the original brief. It stated that counsel could find no error in the record and again cited Anders v. California, supra; Entsminger v. State of Iowa, supra; and State v. Leon, supra.

This court has examined the record and can find no error. We are of the opinion that the plea of guilty was knowingly, voluntarily and intelligently given; that all of defendant's rights were fully protected; and that defendant was fully advised of his rights and the consequences of his plea. State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969).[1] This is substantiated by the rec-

---

1. In the case of State v. Griswold, supra, the court held that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), was not retroactive.

ord, and the doctrine of *Anders* has been fully complied with.

Judgment affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

NOTE. This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.