594 P.2d 529

**The STATE of Arizona, Appellee,**

v.

**Allan L. TOULOUSE, Appellant.**

**No. 4517.**

Supreme Court of Arizona, In Banc.

April 18, 1979.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen., by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

O'Connell, Hecker & Phillips by Thomas M. Pace, Phoenix, for appellant.

CAMERON, Chief Justice.

Defendant, Allan L. Toulouse, pursuant to a written plea agreement, entered a plea of guilty to the charge of kidnapping while armed with a gun.  A.R.S. § 13–491(A), (C) and (D).*  He was sentenced to the Arizona State Prison for not less than five nor more than twelve years.  He now appeals.  We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We are asked to decide the following questions on appeal:

1. Did defendant waive his right to appeal alleged defects in the preliminary hearing by pleading guilty to the information?
2. Did the prosecution properly allege the prior convictions?
3. Is the sentence excessive?

* Arizona's revised criminal code took effect on 1 October 1978.  All references to criminal stat-

The facts necessary for a determination of this matter on appeal are as follows.  On 29 January 1978, defendant and one Karn checked out of the San Carlos Hotel in Phoenix, Arizona, and were driven to the bus depot in the hotel's van.  When they reached the depot, they informed the driver that they had guns and commanded him to drive them to Tucson.  They left him bound and gagged in a motel in Tucson.  Defendant and Karn were apprehended in Wilcox, Arizona.

After a partial preliminary hearing, defendant waived further proceedings, was held to answer, pled guilty to the charge, and was sentenced.  From the plea and sentence he appeals.

## WAIVER OF DEFECTS IN THE PRELIMINARY HEARING

The caption of the complaint read "Armed Kidnapping," and the complaint stated that defendant had "kidnapped MIKE ARTHUR FINNEY while armed with a gun, all in violation of A.R.S. Sec. 13–491 A, C and D  *  *  *."

At the preliminary hearing, after one witness, the victim, had testified, the defendant signed a waiver of preliminary hearing which stated in part, "I understand that I am charged with the crime of Armed Kidnapping, A.R.S. § 13–491  *  *  *." The order holding the defendant to answer indicated that defendant was charged with "a Felony, to-wit ARMED KIDNAPPING." The information alleged that the defendant "Kidnapped Mike Arthur Finney while armed with a gun, all in violation of A.R.S. § 13–491 A, C and D  *  *  *." Subsection D reads as follows:

"D.  A crime as prescribed by the terms of subsections A and B, committed by a person armed with a gun or other deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprison-

utes in this opinion are to those provisions effective prior to that date.

ment, and in no case, except for first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the minimum sentence imposed."

Defendant contends that "armed kidnapping" is a different offense than kidnapping armed with a gun since subsection D of § 13–491 allows for probation on a first offense for a defendant convicted of kidnapping while armed with a deadly weapon other than a gun, while if the deadly weapon is a gun, the defendant may not receive probation. Defendant ignores the fact that he was armed with a gun, as both the complaint and information alleged and as the factual basis for the plea and the admitted plea agreement indicated.

The plea agreement read:

"The Defendant agrees to plead guilty to kidnapping while armed with a gun, a Felony, A.R.S. § 13–491–A, C, and D * * committed on or about 29 January 1978."

There is no question that the defendant knew the nature of the crime to which he was pleading guilty. He had not been misled and was not confused. There was no prejudice to the defendant in any defect in the preliminary hearing. We find no error.

■ There is, however, another reason why defendant may not prevail. Our rules of criminal procedure require that defects in the charging document be raised by motion prior to trial or be precluded. Rule 13.5(c) of the Rules of Criminal Procedure, 17 A.R.S., reads as follows:

"c. Defects in Charging Document. No issue concerning a defect in the charging document shall be raised other than by a motion filed in accordance with Rule 16."

And Rule 16.1(c) reads:

"c. Effect of Failure to Make Motions in Timely Manner. Any motion, defense, objection or request not timely raised under Rule 16.1(b) shall be precluded, unless the basis therefor was not then known, and by the exercise of reasonable dili-

gence could not then have been known, and the party raises it promptly upon learning of it."

These rules are in accord with the general case law that a plea of guilty is a waiver of all non-jurisdictional defenses. *State v. Canaday,* 116 Ariz. 296, 569 P.2d 238 (1977); *State v. Hansen,* 105 Ariz. 368, 464 P.2d 960 (1970).

Prior to his plea of guilty, defendant raised no question regarding the insufficiency of the complaint, preliminary hearing or the order holding him to answer. His voluntary plea of guilty waives any non-jurisdictional defects in the proceedings prior to the plea. *Canaday; Hansen, supra.*

## THE PRIOR CONVICTION

■ The State filed an allegation of a prior conviction in Wyoming for possession of marijuana. The Arizona drug statute is contained in Title 36, Ch. 9, A.R.S. §§ 36–1001, et seq., and is a part of Title 36, Public Health and Safety. The crime to which defendant pled guilty is defined in our criminal code, Title 13, 5 A.R.S. Both Title 36 and Title 13 contain enhanced punishment statutes, A.R.S. § 36–1002.05(B) and §§ 13–1649 and 1650. While admitting that the allegation of a prior conviction had been withdrawn as a result of the plea bargain, defendant contends that the allegation of the prior conviction was coercive and that since the crime defendant committed in Wyoming would be a crime in Arizona under Title 36, the enhanced punishment provisions of Title 13 may not be used to enhance punishment for a crime under Title 13. Defendant ignores the plain language of the statutes in Title 13:

"A. A person who, having been previously convicted for petty theft, receiving stolen property, shoplifting, contributing to the delinquency of a minor, an offense involving lewd or lascivious conduct, or for any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be pun-

ished upon conviction of such subsequent offense * * *." A.R.S. § 13–1649(A). And:

"A. A person who has been convicted in any court without this state of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the state prison, shall be punished for any subsequent crime committed within this state in the manner prescribed by § 13–1649, and to the same extent as if the first conviction had taken place in a court of this state." A.R.S. § 13–1650(A).

The Wyoming conviction was a felony. It was available to enhance defendant's punishment in Arizona.

■ Defendant, however, cites an opinion of the Attorney General, No. 72–16–L, for the proposition that a narcotics conviction may not be alleged in order to enhance punishment for crimes coming under A.R.S. Title 13. We do not agree with the defendant's interpretation of the Attorney General's opinion, nor are opinions of the Attorney General binding upon this court. *State v. Deddens,* 112 Ariz. 425, 542 P.2d 1124 (1975). We find no error.

## THE SENTENCE

■ It is the defendant's position that his sentence is excessive because it is greater than what was recommended in the presentence report. The sentencing court, however, is not bound by recommendations in the presentence report. *State v. Patton,* 120 Ariz. 386, 586 P.2d 635 (1978). The sentence imposed was within the limits of both the plea agreement and A.R.S. §§ 13–1649 and 1650. In addition, the judge conducted an adequate investigation of the facts before sentencing. Id., 586 P.2d 635. We find no abuse of discretion by the trial judge in the sentence imposed.

We affirm.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.