655 P.2d 23

STATE of Arizona, Appellee,

v.

Richard R. MORENO, Appellant.

No. 1 CA–CR 5564.

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 23, 1982.

Rehearing Denied Nov. 3, 1982.

Review Denied Dec. 7, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Chief Counsel, Crim. Div. and David R. Cole, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

OPINION

HAIRE, Judge.

This is an appeal from a judgment of conviction and sentence imposed on defendant following his plea of guilty to a charge of unlawful possession of marijuana, a class one misdemeanor, A.R.S. §§ 36–1002.05, 13–707 and 13–802. The guilty plea resulted from a plea agreement pursuant to which it was agreed that defendant would be fined $63.50, and that he would be sentenced to one day in jail, with credit for one day served. After determining that the plea agreement was voluntarily and intelligently entered into, that defendant was aware of the constitutional rights which he was waiving by entering into the plea agreement, and that there was a factual basis for the plea, the trial judge accepted

the plea and subsequently sentenced defendant in accordance with the plea agreement.

The only issue raised on appeal is that the trial court erred in denying defendant his alleged right to a trial by jury. By way of background, the record reveals that defendant was originally charged with possession of marijuana, a class six felony, punishable by a term of imprisonment up to 1.875 years. At the time set for trial, the following proceedings took place in chambers:

"[THE COURT]: The defendant is present in chambers with his attorney, Brenda Bodenstein. The State is represented by Hugo Zettler.

"At this time the Court will advise counsel and the defendant that the Court has reviewed the file in this case and finds that if the defendant were to be convicted of the offense with which he is charged, the Court would designate it as a misdemeanor and would give him a sentence of less than six months in the county jail, and, therefore, the defendant is not entitled to a jury trial.

"Are counsel ready to proceed with a trial to the Court at this time?

"[MR. ZETTLER]: Yes. I'm waiting for my officer to come back from the Phoenix Police Department, and both my officers are here, and I'll have to have a few minutes' notice to get the chemist over here. I've got him on standby.

"[THE COURT]: Ms. Bodenstein.

"[MS. BODENSTEIN]: Ready, Your Honor.

"[THE COURT]: Very well. We'll proceed in the courtroom, then."

The record does not reveal, and defendant does not contend, that he objected or expressed any displeasure whatsoever with this ruling by the trial judge which very substantially reduced the potential sentence to which he otherwise would have been exposed upon conviction.

Later that same afternoon, when the judge called the matter for trial in open court, the parties then advised the judge that they had entered into the plea agreement which we have previously described in this opinion.

The essence of defendant's contention before this court is that inasmuch as the original charge did not constitute a "petty" offense, he was entitled to a jury trial, and therefore the trial court erred in indicating that it would proceed with a trial to the court. We need not, however, address the merits of this contention. First, defendant did not object to the trial judge's ruling and therefore has not preserved this claimed error for appellate review. Second, assuming that he had appropriately objected, by entering a plea of guilty he relinquished his right to assert on appeal all nonjurisdictional defenses, errors and defects occurring prior to the plea proceedings. See, e.g., State v. Toulouse, 122 Ariz. 275, 277, 594 P.2d 529, 531 (1979); State v. Diaz, 121 Ariz. 16, 588 P.2d 309 (1978); State v. Snodgrass, 117 Ariz. 107, 570 P.2d 1280 (App.1977). In our opinion the right to trial by jury is not a jurisdictional defense, and defendant does not urge to the contrary.

At this point it must be emphasized that the majority's position is not based upon the premise that by pleading guilty, defendant waived his alleged right to a jury trial. On the record presented here, he obviously did not do so. Rather, that alleged right had previously been taken from him by a clear and unambiguous ruling by the trial judge. Contrary to the dissent's observation, there was no defect in the plea proceedings or the plea itself. The error, assuming that error was committed, occurred prior to, and not as a part of the plea proceedings. Prior to that time the defendant knew that the trial judge had ruled that he was not entitled to a trial by jury. He willingly accepted that ruling without any comment, objection, or the slightest hint of dissatisfaction. Only after the plea was accepted did the defendant make any comment about having contemplated a jury trial, and even then he was apparently well satisfied with the plea agreement and its reduced penalty, since he did not request that it be withdrawn or make any effort or attempt in that regard.

The dissent appears to take the position that because the trial judge's ruling in-

·duced[1] the defendant to enter into the plea agreement, the plea was not voluntarily and intelligently made. The fact that a trial judge's prior erroneous ruling might have constituted strong inducement for a defendant to enter into a plea agreement has never in this jurisdiction been held to render a plea involuntary or unintelligently made. Otherwise, the entry of a plea would never be held to preclude the later assertion on appeal of alleged errors in denying motions to suppress in search and seizure matters, the denial of motions to suppress eyewitness identifications in *Dessureault* hearings, or evidentiary rulings resulting from motions *in limine*, to mention only a few trial court rulings which obviously have a strong impact in "inducing" defendants to enter into plea agreements.

The important point to be made is that the defendant had full opportunity to assess the alternative of proceeding with a trial to the court, thereby preserving any right which he might have had to assert on appeal claimed errors by the trial judge in denying him a jury trial, or, on the other hand, to accept the sentencing advantages offered in the plea agreement, thereby giving up his right to assert on appeal prior nonjurisdictional errors and defects in the proceeding. Defendant made his choice knowingly, intelligently and voluntarily. As indicated by the state in its answering brief, he apparently was well satisfied with the procedure; he was permitted to plead to a misdemeanor without being ordered to serve any jail time (other than one day previously served) and with a minimum fine. He expressed no dissatisfaction with his plea agreement whatsoever in the trial court, even though he was given full opportunity to do so. His claim of error expressed for the first time in this court simply comes too late.

Although we are of the opinion that the merits of defendant's jury trial contention are not properly before this court, the majority feels constrained to make a few comments on that issue in view of the positions taken in the dissent. First, again contrary to the observation made in the dissent, the state in its answering brief does not in any way concede that the trial judge was mistaken in ruling that defendant was not entitled to a jury trial. The state does not "confess error." Rather, the state merely (and correctly in the opinion of the majority) views the merits of that question as immaterial and not properly before this court.

■ Going now to the merits of the question, we find nothing in the provisions of A.R.S. § 13–702(G) which would preclude a trial judge from determining and announcing prior to trial, as was done in this case, that if the defendant were to be convicted the court would designate the matter a misdemeanor subject to stated misdemeanor sentencing limitations. In our opinion such action is within the authority granted to the trial court by A.R.S. § 13–702(G), and the pronouncement by the court would establish, in advance of trial, the limits of any possible sentence which might thereafter be imposed in the event of a subsequent conviction. Accordingly, here there was no violation of the dissent's premise that it is the *possible* sentence rather than the actual sentence imposed that is determinative of the right to a jury trial.

■ The maximum possible sentence to which the defendant would have been subjected by trial for a class one misdemeanor was six months imprisonment in the county jail and a fine of $1,000. These penalty provisions in and of themselves are not so serious as to require a jury trial. *State ex rel. Baumert v. Superior Court,* 127 Ariz. 152, 618 P.2d 1078 (1980). Neither the defendant nor the dissent cites any cases on the question of whether a conviction for

---

1. There is no direct support in the record for any contention that the judge's denial of a jury trial actually induced the defendant to enter into the plea agreement. A more logical inference from the record is that the judge's ruling reducing the permissible penalty to a misdemeanor induced the *state* to offer the plea agreement. Likewise, we find no support in the record for the dissent's assumption that the plea agreement had been prepared in advance of the trial judge's ruling on the jury trial issue.

simple possession of marijuana involves "an appreciable degree of moral turpitude" within the other prong of the *Baumert* test. Without the benefit of in-depth research, the majority is not prepared to say that in today's society the subject charge involves such an appreciable degree of moral turpitude (branding the defendant "a depraved and inherently base person") beyond that present in convictions for disorderly conduct (engaging "in fighting, violent or seriously disruptive behavior"), *State ex rel. Baumert v. Superior Court, supra;* drunk and disorderly conduct, *O'Neill v. Mangum,* 103 Ariz. 484, 445 P.2d 843 (1968); or assault and battery, *Goldman v. Kautz,* 111 Ariz. 431, 531 P.2d 1138 (1975), in all of which the Arizona courts have held that the defendant was not entitled to a jury trial. In any event we do not consider it appropriate to decide the question in the context of this case.

The judgment of conviction and sentence imposed are affirmed. In accordance with the request of the author of the dissent, this disposition will be published as an opinion pursuant to the provisions of Rule 48(b), Rules of the Supreme Court, 17A A.R.S.

EUBANK, J., concurs.

CONTRERAS, Chief Judge, dissenting:

I dissent. I believe that the majority errs in its manner of addressing the merits of defendant's contention that he was denied his right to a trial by jury. Furthermore, and more fundamentally, I believe that the trial court erred in ruling that defendant had no right to a jury trial. In light of that erroneous ruling, I am of the opinion that his plea was not voluntarily and intelligently made. I would vacate the plea.

Defendant was charged by information with possession of marijuana, a class 6 felony. At the time set for trial, the judge, in chambers, stated:

At this time the Court will advise counsel and the defendant that the Court has reviewed the file in this case and finds that if the defendant were to be convicted of the offense with which he is charged, the Court would designate it as a misdemeanor and would give him a sentence of less than six months in the county jail, and, therefore, the defendant is not entitled to a jury trial.[1]

Thereafter (the transcript does not indicate how long a time elapsed), defendant, in open court, entered a guilty plea with a stipulated sentence of one day (time served) and a $63.50 fine. Defendant waived the preparation of a presentence report and was sentenced. Two days later he filed a notice of appeal.

In my opinion, the trial judge was clearly mistaken in ruling that the defendant was not entitled to a jury trial, and the state seems to concede this on appeal. But since a reviewing court is not bound by the state's confession of error, I shall proceed to set forth the bases for my opinion that the ruling was erroneous.

It is the *possible* sentence, not the actual sentence ultimately imposed, which is determinative of a right to a jury trial. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *State ex rel. Baumert v. Superior Court,* 127 Ariz. 152, 618 P.2d 1078 (1980).[2] The offense charged was a class 6 felony, with a maximum penalty of 1½ years' imprisonment (A.R.S. § 13–

---

1. Pursuant to A.R.S. § 13–702(G) the court may enter judgment of conviction for a class 1 misdemeanor of a person who has been *convicted* of a class 6 felony. However, it is clear that defendant had not been convicted of a class 6 felony when the trial judge made this statement. Additionally, at that time the appellee had not designated the offense as a misdemeanor, nor was there any discussion with respect to any amendment of the information then before the court.

2. To the extent that *Bruce v. State,* 126 Ariz. 271, 614 P.2d 813 (1980), implies otherwise, I find it distinguishable. In my opinion, the reasoning of *Bruce* is confined to the problem of possible consecutive sentences for offenses each of which is "petty". If the offense charged is not "petty" to begin with, then *Bruce* has no applicability. This is made clear by *State ex rel. Baumert v. Superior Court, supra* (decided after *Bruce* ) in which the entire focus was on the *possible* sentence, not the actual sentence. 127 Ariz. at 153, 618 P.2d at 1079.

701(B)(5)), and a fine of $150,000 (A.R.S. § 13–801(A)). That is not a "petty offense" by any standard. The offense pled to was a class 1 misdemeanor, with a maximum penalty of six months' imprisonment (A.R.S. § 13–707(1)), and a fine of $1,000 (A.R.S. § 13–802(A)). Even that is not a "petty offense" under the standard of *Goldman v. Kautz,* 111 Ariz. 431, 531 P.2d 1138 (1975), and *State ex rel. Baumert v. Superior Court, supra.* The present criminal code defines "petty offense" as one for which only a fine is authorized, A.R.S. § 13–105(22), and the terms "misdemeanor" (or "felony") and "petty offense" are mutually exclusive. A.R.S. § 13–602(C). While these statutory definitions are not *controlling* on the issue of right to jury trial, *State ex rel. Baumert v. Superior Court, supra,* I believe that the legislative determination of what is "petty" and what is not deserves some consideration in the judicial determination of what is "petty" and what is not for purposes of right to jury trial. *Cf. State v. deWood,* 11 Ariz.App. 290, 464 P.2d 361 (1970), where the trial judge clearly *informed* a defendant charged with a violation of A.R.S. § 36–1002.05 of his right to a jury trial, and the defendant affirmatively waived that right.

The court's error in stating to defendant that he was not entitled to a jury trial was not, in my opinion, cured by the subsequent plea proceeding. The plea agreement was apparently prepared in advance, and all but signed, but it was clearly induced by the ruling on the jury trial issue. On the face of the plea agreement, someone crossed out "to jury" in the recitation of rights waived. The judge, apparently reading from an unaltered plea form, orally advised defendant that he was waiving his right to "a trial by jury". I do not believe this negates the effect of the prior explicit ruling to the contrary. Even after the plea was accepted and immediately prior to sentencing, defendant stated that he thought he was going to get a jury trial.

THE COURT: Mr. Moreno, are you satisfied with the legal services you've received in this case with your attorney?

THE DEFENDANT: Well, no. I thought I would probably get a jury.

THE COURT: Well, that really doesn't have anything to do with your attorney. That was the Court's decision.

I concede that a valid guilty plea waives non-jurisdictional defects, including deprivations of constitutional rights, which occurred *prior to,* and *independent of,* the plea. *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973). But that is not the issue here. Appellee has confused the issues in the answering brief, and appellant filed no reply brief to clarify them. The issue is simply whether the plea was intelligently made.

I concede also that a valid guilty plea waives the right to a jury trial. *State v. Laurino,* 106 Ariz. 586, 480 P.2d 342 (1971). But even *Laurino,* decided before the adoption of Rule 17, stated that the issue was "whether the plea was voluntarily and intelligently made." *Id.* at 586, 480 P.2d 342. In this case, it was not. The right to a jury trial is one of the three basic constitutional rights of which a defendant must be informed. *State v. Schoonover,* 128 Ariz. 411, 626 P.2d 141 (App.1981). "[T]he right to a jury trial may be waived, where an accused is *aware of the right* and voluntarily and intelligently relinquishes it." *State v. Jelks,* 105 Ariz. 175, 177, 461 P.2d 473, 475 (1969), *cert. denied* 398 U.S. 966, 90 S.Ct. 2179, 26 L.Ed.2d 549 (1970) (emphasis supplied). The extent to which the trial judge discussed the matter of waiver of jury trial is one circumstance to be considered in determining whether the alleged waiver was valid. *State v. Little,* 104 Ariz. 479, 455 P.2d 453 (1969). In *State v. Tiznado,* 112 Ariz. 156, 540 P.2d 122 (1975), the court noted that the trial court had discussed "at length" with the defendant his right to a jury trial. Here, the record, short as it is, clearly shows that the defendant was misinformed. I find it incomprehensible that the majority can hold that this defendant voluntarily, knowingly, and intelligently waived a fundamental right which the trial judge had just told him he did not have in the first place.

For a model of the proper handling of an intelligent plea issue such as that presented here, see *State v. Esquer*, 26 Ariz.App. 124, 546 P.2d 849, *reh. denied* 26 Ariz.App. 572, 550 P.2d 240 (1976). There the trial judge informed the defendant of his right to a "public and speedy trial" but not his right to a "jury trial": *Id.* 26 Ariz.App. at 125, 546 P.2d 849. This court held that did not satisfy the requirements of Rule 17.2(c) and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and reversed. There was no mention of "waiving non-jurisdictional defects." That concept is irrelevant when the defect is in the plea itself.

*See also Swensen v. Municipality of Anchorage*, 616 P.2d 874 (Alaska 1980). There the defendant was informed at a group arraignment that he had a right to a jury trial if he could be sentenced to jail for his offense (DWI). At another, individual, arraignment, he was told that he could receive a jail term. He then pled guilty. The court held that he had not been informed of his right to a jury trial in compliance with Alaska Rule 11 (based on Federal Rule 11) and that he had to be allowed to vacate his guilty plea. Again, there was no mention of "waiving non-jurisdictional defects."

After further consideration of the majority opinion, I am compelled to further comment, even though my comments may be considered repetitious. The offense charged was a class 6 felony which carries a maximum penalty of 1½ years upon conviction. Clearly, in my opinion, defendant had a right to a jury trial on such offense. However, this right was erroneously taken from defendant by the trial court's clear and unambiguous ruling that if the defendant were convicted, the court would designate the offense as a misdemeanor "... and therefore defendant is not entitled to a jury trial." The majority states that there is nothing in the provisions of A.R.S. § 13–702(G) which would preclude a trial judge from so doing. I disagree for the basic reason that I believe such authority

can only be exercised "... *if* a person is convicted of any class 6 felony...." (emphasis supplied). To me this is synonymous with *after* conviction. The realistic resultant effect is that this defendant who had never been arrested or charged with any offense in this jurisdiction [3] was deprived of the opportunity to have his guilt or innocence determined by a jury.

I further believe that the trial judge's erroneous ruling induced the defendant to enter into the plea agreement and, accordingly, the plea was not voluntarily and intelligently made. After being unalterably told that he had no right to a jury trial, it would appear that defendant's better course of action would be to get the best "deal" possible by entering into a plea agreement. But the fact remains that the plea agreement was the by-product of the trial court's erroneous ruling and was not intelligently made.

Furthermore, when the plea is not intelligently made, the fact that there was no objection below is also irrelevant. When the court fails to inform the defendant of the rights he waives by his plea, that is fundamental error. Here the situation is more pronounced since the court, in the first instance, misinformed the defendant of his rights. Decisions vacating unintelligent pleas do not even mention objections. *See, e.g., Esquer, supra.*

Finally, there is no reason to remand for a hearing as to whether defendant was aware of his rights. *See Esquer, supra; cf. State v. Reuben*, 126 Ariz. 108, 612 P.2d 1071 (App.1980). He was not. The plea agreement should be set aside.

---

**3.** The record contains written certifications from the City of Phoenix Police Department and the Maricopa County Sheriff's Office that

there was no record of defendant having been arrested or charged with any offense in this jurisdiction.