NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

SHELTON DESHAWN FORD, *Petitioner.*

No. 1 CA-CR 12-0710 PRPC
FILED 07-17-2014

---

Petition for Review from the Superior Court in Maricopa County
Nos. CR2009-151267-001 and CR2009-178174
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Shelton DeShawn Ford, Kingman
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

---

**A R M S T R O N G**, Judge:

¶1          Petitioner Shelton Deshawn Ford petitions this court for review from the dismissal of his petition for post-conviction relief. Presiding Judge John C. Gemmill and Judges Andrew W. Gould and Donn Kessler have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          Ford pled guilty to aggravated driving under the influence in two separate cases and the trial court sentenced him to an aggregate term of twelve years' imprisonment to be followed by four years' probation. Ford filed a consolidated, pro se petition for post-conviction relief of-right after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Ford now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3          Ford identifies fourteen separate issues in his petition for review, each of which alleges the trial court "failed to address" a specific issue. Ford ultimately provides only eight reasons, however, for why we should grant relief. Therefore, we address only those issues Ford identifies within his eight grounds for relief.

¶4          In his first, second and fourth reasons for why we should grant relief, Ford argues the trial court violated his right to due process when it failed to provide him the transcript of an unidentified evidentiary hearing from his first case.[1] He further argues the State failed to comply with the rules of disclosure. We deny relief on theses issues. First, a trial court's failure to provide transcripts is not a cognizable claim under Rule 32.1. Second, Ford waived any issue regarding pretrial disclosure matters when he pled guilty. A plea agreement waives all non-jurisdictional defenses, errors and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982). Finally, Ford provides no supporting argument to support his allegations, no citations to legal authority and no citations to the record. A petition for review must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.5, 32.9(c).

---

[1]          While Ford claims in his fourth reason for relief that he has "documentation" that proves the transcript he sought was not transcribed, he neither identifies that documentation nor provides us copies.

"[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005).

**¶5**   In his fifth reason for why we should grant relief, Ford argues his trial counsel "can testify" as to certain matters regarding a plea offer. We deny relief on this issue because Ford failed to provide an affidavit from the witness that identified the testimony the witness would provide. *See State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985). Further, Ford provides no supporting argument to support his allegations, no citations to legal authority and no citations to the record.

**¶6**   While Ford raises numerous other issues within his third, sixth, seventh and eighth reasons for why we should grant relief, Ford did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). Even if Ford had properly presented those issues, we would deny relief because Ford provides no supporting argument to support his allegations, no citations to legal authority and no citations to the record.

**¶7**   We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

3