NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

STATE OF ARIZONA, *Respondent*,

*v.*

DOUGLAS WAYNE BOOKER, *Petitioner*.

No. 1 CA-CR 13-0416 PRPC
FILED 1-27-2015

_____

Petition for Review from the Superior Court in Maricopa County
No. CR2011-005529-005
The Honorable Paul J. McMurdie, Judge

**REVIEW GRANTED; RELIEF DENIED**

_____

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Douglas Wayne Booker, Buckeye
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani, Judge Lawrence F. Winthrop, and Judge
Peter B. Swann delivered the decision of the Court.

_____

**PER CURIUM**:

¶1        Douglas Wayne Booker petitions this court for review of the dismissal of his petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

¶2        Booker pled guilty to fraudulent schemes and artifices and two counts of organized retail theft. The superior court sentenced him to an aggregate term of 11.25 years' imprisonment for fraudulent schemes and artifices and one of the organized retail theft counts. The court placed Booker on three years' probation for the second organized retail theft count. Booker filed a pro se petition for post-conviction relief of right after his counsel found no colorable claims for relief. The superior court summarily dismissed the petition and Booker now seeks review. We have jurisdiction under Arizona Rule of Criminal Procedure 32.9(c).

¶3        Booker argues that the three attorneys who represented him before he pled guilty were ineffective because they did not file motions to suppress or otherwise challenge the use of evidence obtained through the warrantless use of a Global Positioning System ("GPS") device to track his vehicle. Booker's claims are based on the United States Supreme Court's decision in *United States v. Jones,* 132 S. Ct. 945 (2012), a case that postdates Booker's plea and sentencing. In *Jones*, the Supreme Court held for the first time that the government installation of a GPS device on a vehicle for the purpose of monitoring the vehicle's movements constitutes a search that ordinarily requires a warrant. 132 S. Ct. at 949. Booker argues his counsel should have filed motions to suppress based on the same analysis and reasoning found in *Jones*. Booker also claims his post-conviction counsel was ineffective when she failed to present this issue in a petition for post-conviction relief and instead filed a notice of completion of post-conviction review.

¶4        To state a colorable claim of ineffective assistance of counsel, a defendant must show deficient performance under an objectively reasonable standard, as well as resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶5        Here, Booker pled guilty on September 16, 2011. The Supreme Court decided *Jones* on January 23, 2012, more than four months after Booker pled guilty. 132 S. Ct. at 945. Trial counsel's failure to predict

that the Supreme Court would subsequently hold that law enforcement agencies must obtain a search warrant to place a GPS tracking device on a vehicle did not fall below objectively reasonable standards and primarily because the Supreme Court previously held in *United States v. Knotts*, 460 U.S. 276, 281–82 (1983) that the warrantless use of an electronic device to track the movements of a suspect's vehicle did not violate the Fourth Amendment. Moreover, nearly two years before Booker pled guilty, the United States Court of Appeals for the Ninth Circuit upheld the warrantless use of an electronic device to track a suspect's vehicle. *See United States v. Pineda-Moreno*, 591 F.3d 1212, 1216–17 (9th Cir. 2010); *see also United States v. Garcia*, 474 F.3d 994 (7th Cir. 2007) (upholding warrantless use of GPS tracker attached to car). The Supreme Court did not vacate the Ninth Circuit's ruling for further consideration in light of *Jones* until after Booker pled guilty. *Pineda-Moreno v. United States*, 132 S. Ct. 1533 (2012).

¶6            Although the Supreme Court granted the petition for writ of certiorari in *Jones* approximately two months before Booker pled guilty, s*ee United States v. Jones*, 131 S. Ct. 3064 (2011) (granting petition on June 27, 2011), that fact does not change our analysis. In *Jones*, the United States Court of Appeals for the District of Columbia Circuit had *reversed* a defendant's conviction on the basis that the district court improperly denied a motion to suppress. *See United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010). So the status of the law at the time Booker pled guilty was that, in addition to *Knotts*, the Ninth Circuit and the Seventh Circuit had upheld similar electronic searches (applying *Knotts*), the District of Columbia Circuit had rejected such a search, and the United States Supreme Court had only granted certiorari review in the District of Columbia Circuit's case. Booker cites no authority, and we are unaware of any, for the proposition that his counsel should have necessarily divined that the United States Supreme Court granted review in *Jones* under those circumstances intending to *affirm* the District of Columbia Circuit's ruling.

¶7            Regarding Booker's claim relating to post-conviction counsel, the Supreme Court's decision in *Jones* is similarly unavailing. Although *Jones* was decided three months before post-conviction counsel filed her notice of completion of review, even if post-conviction counsel had raised claims of ineffective assistance of trial counsel based on *Jones*, the above analysis would still be dispositive. If post-conviction counsel simply challenged the constitutionality of the use of a GPS device based on *Jones*, the challenge would have been unsuccessful because Booker pled guilty. A plea agreement waives all non-jurisdictional defenses, errors, and defects that occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982). The waiver of non-jurisdictional defects includes

deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

**¶8**       Finally, the petition for review arguably presents additional issues, but Booker did not raise those issues in his petition for post-conviction relief. A petition for review may not present issues not first presented to the superior court. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980).

**¶9**       Accordingly, we grant review but deny relief.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama