NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES ALLEN DAY, *Appellant.*

No. 1 CA-CR 14-0618
FILED 10-22-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2013-003278-001
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

DeBrigida Law Offices, Glendale
By Ronald M. DeBrigida, Jr.
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

**D O W N I E**, Judge:

**¶1** James Allen Day appeals his convictions for sexual assault, possession or use of dangerous drugs, and possession of drug paraphernalia. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), his counsel has searched the record, found no arguable question of law, and asked us to review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Day was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2** On her way home from dinner, A.P. stopped at a local bar. Before her second drink, things began to get "cloudy." Although she remembered little, A.P. stayed until closing, talked with other patrons about attending a "get-together" at Day's house, and got on Day's motorcycle with him.

**¶3** A surveillance camera recorded Day and A.P. entering a convenience store together around 1:45 a.m. and purchasing beer. Though she showed signs of intoxication, the store clerk testified A.P. seemed relaxed and friendly with Day. Nonetheless, after Day exited, she asked the clerk for a piece of paper and wrote a phone number with a message "along the lines of, help, or 9-1-1." When Day came back inside to get her, A.P. left with him.

**¶4** The clerk called the number given to him and spoke with A.P.'s husband, who then called the police. Officers contacted A.P., who said she was "okay." A.P.'s husband also called her cell phone around 3:30 a.m. Although she "seemed very inebriated" and did not know where she

---

[1] "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201 (App. 1997).

was, A.P. said she was fine. Around 4:50 a.m., A.P. called 9-1-1, saying she was hiding from Hell's Angels members who would kill her if they found her. Police pinged A.P.'s cell phone to determine her location and found her hiding in some bushes, lying in the fetal position, wearing only a shirt.

**¶5**        During a police interview, A.P. said she woke up to a man having sex with her, and she identified Day from a photo lineup. She led police to Day's house and described its interior, including the general layout and furniture. Police obtained a warrant and found A.P.'s sandals and shorts in Day's house. They also found drugs and drug paraphernalia.

**¶6**        The State charged Day with: (1) kidnapping; (2) sexual assault; (3) misconduct involving weapons; (4) possession or use of dangerous drugs; (5) possession of drug paraphernalia; and (6) assisting a criminal street gang. The superior court severed count three, and Day pled guilty to that count.[2] The jury returned guilty verdicts for counts two, four, and five, but found Day not guilty of counts one and six. The jury also found the State had proven that the sexual assault caused physical, emotional, or financial harm to A.P. as an aggravating circumstance.

**¶7**        The superior court sentenced Day to 15 years for count two, 10 years for count three, 4.5 years for count four, and 1.75 years for count five — each sentence to run concurrently. The court awarded him 663 days of presentence incarceration credit on each of the sentences. Day timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶8**        We have read and considered the brief submitted by Day's counsel and have reviewed the entire record. *See Leon*, 104 Ariz. at 300. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory range. Day was present for all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and given instructions consistent with the

---

[2]        We do not consider count three on appeal. Convictions pursuant to a plea agreement are generally not appealable. *See* A.R.S. § 13-4033(B); *see also State v. Moreno*, 134 Ariz. 199, 200 (App. 1982) (plea agreement waives all prior non-jurisdictional defenses, errors, and defects).

offenses charged. The record reflects no irregularity in the deliberation process.

¶9        Each conviction is supported by substantial evidence. *See State v. Tison*, 129 Ariz. 546, 552 (1981) (sufficiency of the evidence hinges on whether substantial evidence supports the verdict). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290 (1996). Such evidence may be circumstantial or direct. *State v. Henry*, 205 Ariz. 229, 232, ¶ 11 (App. 2003).

## I.        Sexual Assault

¶10        The State was required to prove that Day intentionally or knowingly had sex with A.P. without her consent. *See* A.R.S. § 13-1406(A). The State introduced evidence establishing that A.P. was incapable of consent by reason of impairment. *See* A.R.S. § 13-1401(7)(b). In addition to high levels of alcohol, lab results showed A.P. had multiple drugs in her system that she testified she did not take, including temazepam — a sleep aid and common date-rape drug that can cause a hypnotic-like state and amnesia. A.P. consistently stated that she *woke up* to Day having sex with her. The jury could have reasonably concluded from the evidence presented that Day had non-consensual sex with A.P.

## II.        Possession of a Dangerous Drug and Drug Paraphernalia

¶11        The State was required to prove that Day knowingly possessed dangerous drugs, *see* A.R.S. § 13-3407(A)(1), and that he possessed drug paraphernalia with an intent to use it, *see* A.R.S. § 13-3415(A). Day stipulated that a plastic bag found in his house contained a usable quantity of methamphetamine, a dangerous drug. *See* A.R.S. § 13-3401(6)(b)(xv). Officers also found a "pipe commonly used for smoking methamphetamine," a cap to a hypodermic syringe, and a "spoon typically used for drugs." When police questioned him, Day did not deny having methamphetamine in his house, but stated he would not have left such things out if he knew officers were going to search his house. A jury could reasonably conclude that Day possessed a dangerous drug and drug paraphernalia.

## CONCLUSION

¶12        We affirm Day's convictions and sentences. His counsel's obligations of representation in this appeal have ended. Counsel need do nothing more than inform Day of the status of the appeal and his future

options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, and if he so desires, Day may proceed with an *in propria persona* motion for reconsideration or petition for review within thirty days of this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama