NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JEFFREY WAYNE HARMON, *Petitioner*.

No. 1 CA-CR 15-0079 PRPC
FILED 1-5-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-009393-001
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Jeffrey Wayne Harmon, Phoenix
*Petitioner Pro Per*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N**, Judge:

**¶1** Petitioner Jeffrey Wayne Harmon petitions this court for review from the summary dismissal of his petition for post-conviction relief of-right. Harmon pled guilty to two counts of aggravated assault. As was required by the plea agreement, the superior court sentenced Harmon to 7.5 years' imprisonment for one count and placed him on four years' probation for the other count.

**¶2** Harmon argues the state's disclosure of certain evidence was untimely; the state based the charges in part on perjured testimony, false evidence and/or misrepresentations by the state during the grand jury proceedings; and that the state overcharged the case when it overstated the victims' injuries during the charging process and, thereby, "induced" Harmon to plead guilty. We deny relief on these issues because a plea agreement waives all non-jurisdictional defenses, errors and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 201, 655 P.2d 23, 25 (App. 1982). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

**¶3** Harmon further argues the evidence was insufficient to convict and sentence him for count 4 as a class 4 felony because that victim's injuries were temporary. We deny relief because Harmon pled guilty to aggravated assault in count 4 pursuant to Arizona Revised Statute (A.R.S.) § 13-1204(A)(3) (2012). This section provides in relevant part that a person commits aggravated assault if the person commits assault and causes temporary but substantial disfigurement. *Id.* The factual basis to support the plea established that Harmon inflicted temporary but substantial disfigurement to the victim. Aggravated assault as defined in A.R.S. § 13-1204(A)(3) is a class 4 felony. A.R.S. § 13-1204(D).

**¶4** Harmon also argues the superior court obstructed his right to appeal when the court refused to order the preparation of transcripts of

Harmon's settlement conferences. We deny relief because the decision of which transcripts to prepare for a post-conviction relief proceeding is within the superior court's discretion. Ariz. R. Crim. P. 32.4(d). Further, Harmon does not explain how those transcripts have any relevance to any issue he seeks to raise in a post-conviction proceeding or how the failure to prepare those transcripts prejudiced his ability to present any specific issue.

¶5        Harmon argues his trial counsel was ineffective because she was "hostile" towards Harmon, refused his requests to file various pretrial motions and because she failed to have Harmon's family physician review the victims' medical records. The waiver of non-jurisdictional defects includes all claims of ineffective assistance of counsel not directly related to the entry of the plea. *State v. Quick*, 177 Ariz. 314, 316, 868 P.2d 327, 329 (App. 1993). Harmon's claims are not directly related to the entry of his pleas. Further, "[d]efense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *State v. Valdez*, 160 Ariz. 9, 14-15, 770 P.2d 313, 318-19 (1989) (citations omitted). Regarding counsel's alleged hostility, a defendant with appointed counsel is not entitled to a meaningful relationship with counsel. *State v. Henry*, 189 Ariz. 542, 546, 944 P.2d 57, 61 (1997).

¶6        Finally, Harmon argues that counsel appointed to represent him in his post-conviction relief proceedings was ineffective. Counsel completed a review of the entire record and found no colorable claims for relief. Harmon argues that counsel was ineffective, however, because counsel did not respond to Harmon's correspondence. We deny relief because Harmon does not explain what, if anything, he asked counsel to do in that correspondence, what counsel should have done in response to the correspondence or how counsel's failure to respond to the correspondence prejudiced Harmon. Harmon has, therefore, failed to present a colorable claim for relief.

¶7        We do not address the other issues Harmon presents in his petition for review or his reply because he did not raise those issues in the petition for post-conviction relief he filed below. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii). *See also Bortz*, 169 Ariz. at 239, 821 P.2d at 578; *State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996) (both holding there is no review for fundamental error in a post-conviction relief proceeding).

¶8        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA