NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID SOLOMON SOVERO, *Petitioner*.

No. 1 CA-CR 15-0142 PRPC
FILED 4-27-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2009-109769-001
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

David Solomon Sovero, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

**T H U M M A**, Judge:

¶1 Petitioner David Solomon Sovero seeks review of an order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

¶2 In November 2010, Sovero pled guilty to two counts of first degree murder and one count of aggravated assault, all dangerous but non-repetitive offenses. Sovero stipulated to natural life sentences for the murder convictions and to a prison term of years on the aggravated assault conviction, with no agreements as to concurrency. As a part of the plea agreement, the State dismissed five other felony counts and its notice of intent to seek the death penalty for both murders. In January 2011, the court sentenced Sovero to consecutive natural life prison terms for the murder convictions and a consecutive 21-year prison term for the aggravated assault conviction.

¶3 Sovero filed his petition for post-conviction relief in this case on September 2014. Sovero claimed his pleas were not knowing, intelligent and voluntary because he was taking psychotropic medication under a doctor's care at the time. In pressing this argument, Sovero failed to present a colorable claim. Sovero offered nothing from a medical professional to explain the effects of any relevant medication in general or its effects on him specifically. Moreover, although he pled guilty in November 2010, the medical records he provides (which show that he was taking psychotropic medication at one time) end in May 2010, six months before the change-of-plea hearing.

¶4 While Sovero said at the November 2010 change-of-plea hearing that he was still taking medication for mental health issues, he did not identify the medications and did not complain of their effects, but explained to the court that the medications helped him think more clearly. Sovero then went through the full colloquy with the court and stated he understood all the terms of the plea agreement, including the full range of penalties. Nothing about that colloquy suggests his pleas were not knowing, intelligent and voluntary. Moreover, given the nature of his

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

claims, because Sovero failed to present a colorable claim regarding his pleas, he has also failed to present a colorable claim of ineffective assistance of counsel based on the failure to raise this issue at the change-of-plea hearing.

¶5            Sovero also argues the State failed to disclose the supplemental report of an officer who investigated the aggravated assault, which he claims proves he did not commit aggravated assault because it states two witnesses did not see him point a gun at the victim. That two witnesses did not see Sovero point a gun at the victim does not show he did not point a gun at the victim. Nor does Sovero claim the report is newly discovered evidence. Moreover, a plea agreement waives all non-jurisdictional defenses, errors and defects that occurred before the plea, meaning relief on this ground properly is denied. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982).

¶6            Sovero next argues ineffective assistance of trial counsel, arguing his attorney failed to put adequate time into his case; failed to investigate and interview witnesses and failed to request a hearing pursuant to Arizona Rule of Evidence 609 regarding the impeachment at trial of two witnesses with their prior felony convictions. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On this record, relief properly was denied because Sovero failed to present a colorable claim of ineffective assistance of counsel.

¶7            First, Sovero's argument about the amount of time his trial attorney spent focuses on how much time counsel spent in the jail facility visiting Sovero, the same subject of a motion to change counsel Sovero filed nearly a year before he pled guilty. His argument does not challenge how much time his attorney spent working on the case overall. To argue counsel was not at the jail facility for as many hours as counsel claimed nearly a year before Sovero pled guilty does not present a colorable claim that counsel's performance fell below objectively reasonable standards or that Sovero suffered any prejudice.

¶8            Next, Sovero argues his trial attorney did not properly investigate and/or interview witnesses. That argument, however, is not supported by affidavits from those witnesses explaining what testimony those witnesses could have offered. *See State v. Borbon*, 146 Ariz. 392, 399 (1985). Accordingly, relief properly was denied on that ground.

**¶9**	Sovero's argument regarding a Rule 609 hearing similarly shows no basis for relief. There was no reason to seek such a hearing unless and until it became apparent that the matter would proceed to trial and those witnesses would testify. Accordingly, relief properly was denied on that ground.

**¶10**	Finally, Sovero argues his trial counsel was ineffective when counsel failed to obtain the "law enforcement integrity files" of several investigating officers; failed to depose investigators and failed to challenge the grand jury proceedings. Sovero also argues the court erred when it denied his request to assign a new judge to his post-conviction relief proceedings. Sovero, however, did not raise these issues in his petition for post-conviction relief. A petition for review may not present issues not first presented to the superior court. *See, e.g., State v. Bortz*, 169 Ariz. 575, 577-78 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii). Nor has Sovero supported his argument that the assigned judge had a bias or prejudice against him. Accordingly, this court will not address these issues.

**¶11**	For these reasons, this court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4