NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

DEMETRIUS ANTWON WILSON, *Petitioner*.

No. 1 CA-CR 18-0566 PRPC
FILED 11-27-2018

---

Petition for Review from the Superior Court in Maricopa County
No. CR2014-122610-001
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Demetrius Antwon Wilson, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1        Petitioner Demetrius Antwon Wilson petitions this court for review from the denial of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Wilson pled guilty to one count of burglary in the second degree, with one historical prior conviction. The superior court sentenced Wilson to a slightly aggravated term of ten years' imprisonment but within the range stipulated in the plea agreement.

¶3        Wilson waived his right to counsel in the Rule 32 proceeding and filed a *pro se* petition for post-conviction relief. The superior court summarily denied the petition, and Wilson filed a timely petition for review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes ("A.R.S.") section 13-4239(C).

¶4        On review, Wilson alleges various due process violations, arguing: (1) the superior court deprived him of the right to proceed *pro se*; (2) his medical issues impacted his ability to competently assist in his own defense; (3) the photographic lineup was unduly suggestive; and (4) law enforcement failed to adequately preserve evidence.

¶5        Whether to grant or deny post-conviction relief pursuant to Rule 32 is within the superior court's discretion. *State v. Schrock*, 149 Ariz. 433, 441 (1986). This court will not reverse the court's decision absent an abuse of discretion. *Id.*

¶6        The acceptance of a guilty plea waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea, including deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). Thus, a pleading defendant "may only attack the voluntary and intelligent character of the guilty plea." *Tollett*, 411 U.S. at 267. To enter a plea agreement, a defendant

must understand and agree to the terms of the plea agreement, be advised of the constitutional rights waived by pleading guilty, and the plea cannot be the "result of force, threats or promises." Ariz. R. Crim. P. 17.3(a)(1)–(2), 17.4(c); *State v. Murdaugh*, 209 Ariz. 19, 27, ¶ 33 (2004).

**¶7**　　　Here, the superior court explained each term of Wilson's plea agreement, including the rights he waived by entering a guilty plea. Although Wilson suffered from symptoms associated with a colostomy reversal, his medical issues did not impact his cognitive functions at either the settlement conference or the change of plea hearing. Moreover, the record shows that Wilson was cleared to return to court by Correctional Health Services. Under these facts, Wilson voluntarily and intelligently entered a plea agreement and waived his right to allege errors that may have occurred prior to the plea. *See Murdaugh*, 209 Ariz. at 27, ¶ 33.

**¶8**　　　Lastly, Wilson contends that the superior court refused to provide complete transcripts and the State presented "false allegations" during the current proceeding. These claims are not supported by the record and do not merit relief.

**¶9**　　　The court did not abuse its discretion by summarily denying Wilson's petition for post-conviction relief. We therefore grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA

3