NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DOUGLAS JAMES BARTELS, *Petitioner*.

No. 1 CA-CR 13-0834 PRPC
FILED 4-21-2015

Appeal from the Superior Court in Maricopa County
No. CR2008-168021-001
The Honorable Maria del Mar Verdin, Retired Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Douglas James Bartels, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judges Andrew W. Gould and Peter B. Swann joined.

---

**H O W E,** Presiding Judge:

¶1            Petitioner Douglas James Bartels petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2            Bartels pled guilty to kidnapping, sexual conduct with a minor, and two counts of attempted sexual conduct with a minor, all dangerous crimes against children. The trial court sentenced him to an aggregate term of thirty years' imprisonment for kidnapping and sexual conduct with a minor and placed him on lifetime probation for the remaining counts. Bartels now seeks review of the summary dismissal of his third petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3            Bartels argues that his trial counsel was ineffective in failing to adequately investigate the case and in pressuring him to accept the plea offers. He claims his "of-right" post-conviction relief counsel was also ineffective, but for reasons Bartels does not identify. Bartels further contends that the trial court erred in imposing lifetime probation and in making other unidentified errors; that the grand jury proceedings had deficiencies; and that the prosecutor engaged in unidentified misconduct.

¶4            We deny relief.  Bartels could have raised all of these issues in a prior post-conviction relief proceeding. Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. Bartels also waived any claims regarding the grand jury proceedings and the prosecutor's pre-plea conduct when he pled guilty. A plea agreement waives all non-jurisdictional defenses, errors, and defects that occurred before the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982), *disapproved of on other grounds by State ex rel. Dean v. Dony*, 161 Ariz. 297, 778 P.2d 1193 (1989). While Bartels claims that all of these issues are timely because they are based on newly discovered evidence, the "newly

discovered evidence" consists of Bartels becoming aware of these issues after he had a "prison legal assistant" review his file in 2013. This is not sufficient to present a colorable claim of newly discovered evidence pursuant to Rule 32.1(e). *See State v. Bilke*, 162 Ariz. 51, 52–53, 781 P.2d 28, 29–30 (1989) (providing the requirements to obtain post-conviction relief based on newly discovered evidence).

**¶5** Bartels also argues the recent United States Supreme Court decision in *Martinez v. Ryan*, -- U.S. --, 132 S. Ct. 1309 (2012), constitutes a significant change in the law that allows him to raise the claims of ineffective assistance of counsel in a successive petition for post-conviction relief. *Martinez* held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. This simply means Bartels can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not require a state court to consider all untimely claims of ineffective assistance of counsel raised in post-conviction proceedings.

**¶6** While Bartels' petition for review references other issues he presented to the trial court, he provides no supporting argument for those issues. "Merely mentioning an argument is not enough[.]" *State v. Moody*, 208 Ariz. 424, 452 ¶ 101 n.9, 94 P.3d 1119, 1147 n.9 (2004). Further, if Bartels meant to incorporate by reference the issues and arguments he presented in the petition he filed in the trial court, he may not do so. A petition for review may not incorporate by reference any issue or argument. The petition must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. Ariz. R. Crim. P. 32.5, 32.9(c); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief. *Id.*

**¶7** Finally, while the petition for review arguably presents additional issues, Bartels did not raise those issues in the petition for post-conviction relief he filed in the trial court. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Ramirez*, 126 Ariz. 464, 466, 616 P.2d 924, 926 (App.

1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991).

¶8     We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama